Filed May 11, 1892.

————◆————

No. 15,750.

THE LOUISVILLE, EVANSVILLE AND ST. LOUIS CONSOLIDATED RAILWAY COMPANY *v.* HANNING, ADMINISTRATOR.

MASTER AND SERVANT.—*Action for Damages.*—*Railroad.*—*Complaint.*—*Contributory Negligence.*—In an action by the plaintiff against a railroad company for damages for the alleged negligent killing of the decedent, a complaint is not objectionable on the ground that its specific averments show the decedent to have been guilty of contributory negligence when it avers that the decedent was required to perform a service outside of the line of his employment, and at a place other than that provided for the performance of his regular and ordinary duties; that its performance would subject him to great danger unless certain precautions were observed in the placing of signal flags, and that he believed the proper precaution had been observed, but which does not aver that the decedent made a personal investigation to ascertain if the proper signals were in fact displayed, and the place in which he was directed to work, thereby made safe.

SAME.—*Risks Assumed by Servant.* —A servant impliedly assumes all of the ordinary and usual risks incident to his service, so far as they are known to him, or so far as one of his age and experience ought, in the

exercise of ordinary care, to be able to discern them, even where the duties of the service are necessarily hazardous.

SAME.— *Unusual Employment.—Increased Danger.—Special Care of Master.— Assumption as to.*—If a master orders the servant to do some 'act outside of the duties ordinarily incident to his employment, and subjecting him to additional hazard, but which service could be made safe by special care upon the part of the master, the servant has the right to assume that such special care will be taken, and the failure of the master to exercise such care will render him liable.

SAME.—*Hazardous Employment.—Duty of Servant.*—In such a service, outside of the duties of his ordinary employment, the servant does not necessarily assume the additional hazard in undertaking to perform the unusual and extra service, even though the dangers attending it are obvious. If the apparent danger is such that a person of ordinary prudence, exercising that prudence, would refuse to encounter it, the employee proceeds at his peril. Otherwise, he may undertake the service, using care proportioned to the apparent increased risk, and if in so doing, he is injured by the employer's fault, he may recover for the injury.

SAME.—*Relative Duties of.—Instruction to Jury.*—Where the plaintiff sought to recover damages against a railroad company for the alleged negligent killing of his decedent, who was ordered by the company's general foreman to perform a service outside of his regular line of duty and subjecting him to additional danger, and which killing was averred to be due to the failure of the company to display proper signals, an instruction to the jury correctly stated the law, which informed them, in substance, that in the absence of any rules on the subject of signals or previous direction to the decedent on that subject, it would have been the duty of the foreman to have displayed the signals if by so doing the place where the decedent worked would have been rendered safe, and his failure to do so would be the failure of the company, but if the decedent knew that it was his duty to display the signals, and he neglected to do so, and by reason of such failure he was injured and killed, the company would not be liable.

NEGLIGENCE.—*Contributory.— Complaint. — Specific Averment.* — A general averment in the complaint that the injured party was himself free from fault or negligence is sufficient, unless it is overcome by the specific averment of other facts, showing notwithstanding the general averment that he was guilty of contributory negligence.

From the Dubois Circuit Court.

*J. E. Iglehart, E. Taylor* and *J. L. Bretz,* for appellant.
*C. L. Jewett, J. F. Tieman* and *H. C. Jewett,* for appellee.

The Louisville, Evansville and St. Louis, etc., R'y Co. v. Hanning, Adm'r.

McBRIDE, J.—This is an appeal from a judgment recovered by the appellee for the alleged negligent killing of her decedent, Henry A. Hanning, who was a car repairer, employed by the appellant in its repair shops at Huntingburg.

The appellant insists that the court erred in overruling a demurrer to the paragraph of complaint on which the case was tried.

Omitting prefatory averments, the complaint avers that, " In repairing defendant's cars, it was necessary for the person employed to do the same to work on top of, and around, and under said cars, and that to enable said employees, including plaintiff's intestate, to properly and safely perform their labor and duties, the defendant had established certain railroad tracks to be used as repair tracks, and commonly called shop tracks, over which tracks trains of cars were not run or switched. And plaintiff avers that when cars to be repaired were placed upon said tracks, the repairs could be made with safety to those engaged in making the same. The plaintiff avers that near said repair tracks, were certain other railroad tracks of the defendant, to wit, sidetracks, used for the running and switching of trains, and that it was dangerous and hazardous to attempt to repair cars while they were standing upon such side-tracks, without having certain signal flags so placed as to warn those engaged in running and switching trains not to run cars or locomotives over said side-tracks when cars were being repaired. But, when such signal flags were properly placed and displayed, cars could be repaired upon said side-tracks without danger. The plaintiff avers that in his said service and employment with the defendant, plaintiff's intestate undertook to work at repairing cars, when the same were placed upon said shop tracks, but did not agree, or undertake to repair cars when standing upon such side-tracks, or to subject himself to the dangers and hazards of so doing.

" The plaintiff further avers, that, on the 26th day of

August, 1889, while the plaintiff's intestate, Henry A. Hanning, was in the service and employment of defendant as aforesaid, he was directed and required, by one M. Contant, the defendant's general foreman, to whose orders said Henry Hanning was then and there subject, to go to one of the side-tracks aforesaid, called side-track No. 1, and to there repair a certain flat-car then standing thereon; and, in obedience to said order, said Henry A. Hanning went to said side-track and proceeded to repair said car; that the nature of said repairs required the said Henry A. Hanning to go beneath one end of said car, and remain at work in a stooping position behind the trucks, with his back to the same, where he could not see or discover the approach of locomotives or cars upon said side-track. The plaintiff avers that it was the duty of defendant, and of said Contant, as said general foreman, to cause signal flags to be placed, to warn trainmen not to run cars or locomotives upon said side-track No. 1, while said Henry A. Hanning was at work under said flat car, and that he, Hanning, worked under said car, believing that defendant and said Contant had performed their duty in that regard, and placed said flags; but the plaintiff says that the defendant and said Contant negligently failed to place, or cause to be placed, any signal flag to prevent cars or locomotives from running upon said side-track; that while said Henry A. Hanning, in performance of his duty, was so at work under said flat car, and behind the trucks, and without any notice or warning to him whatever, and without his knowledge, the defendant caused a locomotive and train of cars to be run into, upon and over said side-track, and against said flat car, with great force and violence, whereby said car, and the trucks thereof, were run against and over said Henry A. Hanning, and he was crushed, injured and killed. The plaintiff avers that the injuries and death of said Henry A. Hanning were occasioned solely by the negligence of the defendant in failing to have any signal flag placed or displayed to prevent cars and locomotives from

running on and over said side-track No. 1, and without any fault or negligence of said Henry A. Hanning," etc.

Counsel for the appellant, as we understand their contention, insist, in substance, that the legitimate inferences that must be drawn from the specific statement of the acts of the decedent overcome the general averment that he was without fault or negligence, and show that, notwithstanding, he was guilty of contributory negligence; that being directed to work in an unusual place, where he would be exposed to greater dangers, of which he had knowledge, he had no right to rely upon the presumption that others had done their duty, but that it was his duty to personally investigate and ascertain if the proper signals were in fact displayed, and the place in which he was directed to work thereby made safe.

No authority need be cited in support of the firmly settled rule requiring the master to use at least ordinary care to furnish to his employes a reasonably safe place to work. The term " safe place to work," as thus used, is, of course, necessarily relative. It does not mean a place absolutely free from danger, as some vocations from their very nature involve the constant encountering of danger.

The rule is equally well settled that a servant impliedly assumes all of the ordinary and usual risks incident to his service, so far as they are known to him, or so far as one of his age and experience ought, in the exercise of ordinary care, to be able to discern them, even where the duties of the service are necessarily hazardous. *Brazil Block Coal Co.* v. *Hoodlet*, 129 Ind. 327, and authorities there cited.

If, however, the master requires of him a service outside of the duties ordinarily incident to his employment, and subjecting him to additional danger, he does not necessarily assume the additional hazard in undertaking to perform the unusual and extra service, even although the dangers attending it are obvious.

If the apparent danger is such that a person of ordinary

prudence, exercising that prudence, would refuse to encounter it, the employee proceeds at his peril. Otherwise, he may undertake the service, using care proportioned to the apparent increased risk, and if, in so doing, he is injured by the employer's fault, he may recover for the injury. *Brazil Block Coal Co.* v. *Hoodlet, supra.*

Here a service was required of the decedent outside of the line of his employment, and at a place other than that provided for the performance of his regular and ordinary duties. The averments of the complaint show that he was required to perform this service, in the particular place indicated, by the direction " of his superior, to whose orders he was subject. Its performance would subject him to great danger, unless certain precautions were observed in the placing of signal flags. These dangers grew out of the place in which he was required to work, and were, it is averred, unknown to his regular employment. It is also averred that these dangers could be entirely obviated by the placing of the flags. With the flags properly placed it was a safe place in which to work.

The act of assigning to the decedent the new place to work was the act of the master, no matter who acted as his representative in so doing. The master's duty required the exercise of at least ordinary care to make and keep the place safe while the work was being done, which, as above stated, could have been done by properly placing the signal flags referred to. While Hanning was not absolved from the duty of using his judgment and his senses for his own protection, he was justified in assuming that the master would be mindful of his duty, and would not wantonly expose him to peril. If it were shown that Hanning knew that no signal flags were displayed, and that no precautions had been taken for his safety, a very different question would be presented. But it is averred that he believed that the proper precautions had been observed. So far as the aver-

ments of the complaint are concerned, it can not be said that this belief was not justified.

Rules well settled by repeated decisions of this and other courts sustain the sufficiency of this complaint.

In the case of *Taylor* v. *Evansville, etc., R. R. Co.*, 121 Ind. 130, this court said: "It is important to bear in mind that the appellant was performing a special duty enjoined upon him by a superior whom it was his duty to obey. Although the work was within the scope of his service, nevertheless he was performing it under a special order. It was, therefore, a wrong on the part of the agent having the right to order him to do the specific work to increase the peril of the service by his own negligence. The employee, acting under the specific order, had a right to assume, in the absence of warning or notice, that his superior who gave the order would not, by his own negligence, make the work unsafe.

In the case of *Harrison* v. *Detroit, etc., R. R. Co.*, 79 Mich. 409 (19 Am. St. Rep. 180) (190), the court says: "It is a general rule that if a master directs the servant to do some act which is even dangerous, but which could be made safe by special care upon the part of the master, the servant has the right to assume that such special care will be taken; and, failing to exercise such care, the master is held liable."

In *Brazil Block Coal Co.* v. *Young*, 117 Ind. 520, the court says: "It is established law that an employer must use ordinary care and reasonable skill to make safe the place where he requires his employees to work. * * * This is a duty which rests upon the employer, and which he can not delegate. No matter by whom the duty is performed, the employer is responsible if it is negligently performed and from that negligence injury results. The employer can not escape liability by delegating it to an agent. * * * The duty of the employer to use ordinary care and skill to make the working place he provides for his employees reasonably safe, exists, no matter how dangerous may be the service. He does not warrant the safety of the working place, but he does undertake

that he will use reasonable skill and care to make it as safe as the nature of the service will admit. He must do what ordinary care and diligence can do to make the place reasonably safe."

In *Cincinnati, etc., R. W. Co.* v. *Lang*, 118 Ind. 579, it is said : " The duty of providing for the safety of employees rests on the employer, and can not be delegated. In this instance the duty of exercising reasonable care to prevent injury to the intestate while going to the place where he was ordered, and providing for his security, rested upon the appellant. It was, therefore, the duty of the master that was neglected, and it was this neglect of duty, and not that of a fellow-servant, which caused Jacob Lang to lose his life."

In *Pennsylvania Co.* v. *O'Shaughnessy*, 122 Ind. 588 it is said : "An employee who does what he is ordered to do is not in fault, but is protected, to a reasonable extent, by the order while engaged in performing the special duty enjoined upon him."

In *Cincinnati, etc., R. W. Co.* v. *Roesch*, 126 Ind. 445, it is said by MITCHELL, J. : "An employee has the right to repose confidence in the prudence and caution of his employer, and rely upon the safety and suitableness of implements or appliances with or about which he is required to work, and, that the place assigned him to work is safe from any hidden or undisclosed perils which are not open and obvious to his senses." See, also, *Louisville, etc., R. W. Co.* v. *Graham*, 124 Ind. 89 ; *Pennsylvania Co.* v. *Whitcomb*, 111 Ind. 212 ; *Krueger* v. *Louisville, etc., R. W. Co.*, 111 Ind. 51. Indeed, this list of citations might be extended indefinitely.

It is also settled as the law in this State, in cases of this character, that a general averment in the complaint that the injured party was himself free from fault or negligence is sufficient, unless it is overcome by the specific averment of other facts, showing, notwithstanding, that he was guilty of contributory negligence. *Stewart* v. *Pennsylvania Co.*, 130

Ind. 242; *City of Wabash* v. *Carver*, 129 Ind. 552, and cases cited in both.

In our opinion the objections urged against the complaint are not tenable. It states a good cause of action.

The only other proposition argued by counsel for the appellant is, that the court erred in giving to the jury the following instruction :

" In determining whether the company was negligent in not displaying a signal flag at the head of switch track No. 1 (if in fact no such signal was so placed), or whether the decedent, Hanning, was negligent in going under the cars without himself placing the signal at the head of the switch track on which the car stood that was to be repaired, it is important that the jury should observe the rules of law. If Contant was the foreman under whom Hanning worked, and to whose orders he was subject, and as such foreman, ordered Hanning to repair the car on the track where it stood, in the absence of any rules on the subject of signals, or previous direction to Hanning on that subject, it would have been the duty of the foreman, in behalf of the company, to see that the place where Hanning was to work was made reasonably safe. And if the place could have been made safe by placing a signal flag at the head of the switch track, it would have been the duty of the foreman to have the signal flag so displayed ; and a failure on the part of the foreman to discharge that duty would have been the failure of the company. But, on the other hand, if at the time Hanning was directed to make repairs on the side of the car (and any other needed repairs if so directed), he knew that it was his duty, and one of the rules of the company required that if he went under the car he must himself place a signal flag at the head of the switch track, and so knowing the rule, and his duty in that respect, neglected to display a signal flag, but went under the car without first complying with that duty, and by reason of his failure to so display a signal flag he was injured and killed, in that view of the

case the decedent was not without fault as charged in the complaint, and the plaintiff can not recover."

This instruction correctly states the law, and the court did not err in giving it. The reasons which impel us to this conclusion sufficiently appear in what we have said regarding the sufficiency of the complaint, and require no further elaboration.

Judgment affirmed, with costs.

COFFEY, J., dissents.

Filed May 10, 1892.