CHARLES FITTER, Appellant, v. IOWA TELEPHONE COMPANY, Appellee.

**Master and servant:** NEGLIGENCE: DUTY TO FURNISH SUFFICIENT HELP.
1  In the unloading of telephone poles from a wagon it is the duty of the employer to use due care to furnish a reasonably sufficient number of men to handle the poles with safety, and whether that duty has been performed is primarily a question for the jury.

**Same:** EVIDENCE: EXPERT TESTIMONY. Expert evidence of the number
2  of men required to handle heavy timbers with safety to those engaged is not conclusive on the subject where fair minded men can draw different conclusions therefrom, even though there is no counter showing by other experts: and this is especially true where the subject is one of which the jurors are capable of exercising some-degree of intelligent, independent judgment.

**Negligence:** PROXIMATE CAUSE: CONTRIBUTORY NEGLIGENCE. Questions
3  of proximate cause and contributory negligence are for the jury, except in those cases where the facts are so clear and undisputed and the relation of cause and effect so apparent that but one conclusion can be drawn.

**Master and servant:** RELATIONSHIP: FACT QUESTION. Where it appears
4  that plaintiff was actually engaged in defendant's service at the time of his injury, and working under the direction of a foreman, the court cannot say as a matter of law that the relation of master and servant did not exist.

VOL. 143 IA.—44.

**Assumption of risk.** Assumption of risk by a servant does not include any peril arising out of a neglect of duty by the master.

Evans, C. J., dissenting.

*Appeal from Des Moines District Court.*—HON. J. D. SMYTHE, Judge.

FRIDAY, MAY 14, 1909.

REHEARING DENIED TUESDAY, SEPTEMBER 28, 1909.

ACTION at law to recover damages for personal injury. Judgment for defendant upon a directed verdict, and plaintiff appeals. *Reversed.*

*A. M. Antrobus* and *F. E. Thompson,* for appellant.

*Power & Power,* for appellee.

WEAVER, J. In November, 1902, the defendant was engaged in the construction of a telephone line in the city of Burlington. Among its employees was a gang of men engaged in digging holes along the route, under the direction of a foreman named Shane, and another gang, in charge of a foreman named Ritter, were hauling and distributing the poles. On November 13, 1902, plaintiff, being then in his twentieth year, was employed by the defendant to assist in the work of digging holes. While in this service, on the third or fourth day of his employment, he was called by his foreman to assist in unloading certain poles which had been hauled to that vicinity by wagon. The load consisted of two poles measuring from sixty to sixty-five feet in length, and weighing each about a ton. While some of the witnesses say that there were eight or nine men gathered to do the unloading, there was evidence from which the jury could find that the number did not exceed five or six. The heavier ends of the poles

rested upon the wagon bolster in front, and the wheels were coupled at such distance apart that the smaller ends of the poles extended considerably beyond the rear axle. The poles were to be deposited upon the south side of the wagon, and for some reason the attempt was made to unload the north one first. To accomplish this some of the men, including plaintiff, who had no experience in such labor, were placed at the smaller end of the pole, and by bearing down thereon while others lifted at the front the heavier end was swung to the south across the other pole and over the wagon wheel to the pavement. To lower the other end the men acting under the direction of the foreman laid hold of it, and attempted to push or slide it along the other pole on which it rested. The surface of the lower pole was wet and slippery, and as the upper one obtained headway, the men found themselves unable to withstand its weight or momentum, and it fell quickly to the pavement, the plaintiff being caught in the fall and severely injured without fault, as he claims, on his part. When plaintiff and others took hold of the pole to assist in lowering it, the foreman cautioned them to let it down easy, and at or about the time it began to slide along the lower pole he called out to them not to let it fall because it would break.

The petition charges the defendant with negligence in failing to supply a sufficient number of men to safely unload the poles, and says that plaintiff, having no experience in such work, did not know or appreciate the danger to which he was thereby exposed. Defendant is also charged with negligence in ordering the plaintiff to leave the work which he was employed to perform, and putting him into a more dangerous service without instructing and warning him with respect thereto. The defendant admits plaintiff was injured while in its service, but denies that the accident was caused by any negligence on its part. At the close of the testimony defendant

moved for a directed verdict in its favor on the ground that plaintiff had not only failed to prove any negligence on the part of the defendant, but had also failed to show absence of contributory fault on his own part. The motion was sustained and from the judgment entered upon the verdict so returned the plaintiff appeals.

The foregoing statement is sufficiently full and specific to obviate the necessity of an extended discussion of the facts. In our judgment the evidence of defendant's alleged negligence and of plaintiff's freedom from contributory negligence was sufficient to take the issue to a jury. That it was the duty of the defendant to furnish a reasonably adequate number of men to handle and unload the poles with safety can hardly be denied. Woods, Master and Servant (2d Ed.) 394; *Johnson v. Water Co.,* 71 Wis. 553 (37 N. W. 823, 5 Am. St. Rep. 243); *Supple v. Agnew,* 191 Ill. 439 (61 N. E. 392); 1 Labatt's Master and Servant, section 204. Whether that duty has been performed in a given case is primarily a question of fact for the jury. 1 Labatt's Master and Servant, section 205.

1. MASTER AND SERVANT: negligence: duty to furnish sufficient help.

To sustain a charge of negligence in this respect does not necessarily require the examination of experts. If the conceded or proved facts as to the magnitude of the work to be done, and the number of men actually furnished by the master for its performance, be such that fair minded jurors may reasonably believe that due care was not exercised to furnish sufficient help to do the work with safety to those engaged therein, a finding that such employer was negligent will not be disturbed by the court. We have here a case where a large and unwieldy stick of timber weighing two thousand pounds, and resting upon wagon trucks, was to be lifted over another stick of similar proportions and over the wheels of the wagon, and lowered

2. SAME: evidence: expert testimony.

thence with care to the ground to avoid breaking. The number of men furnished to do this work is not shown with certainty, but, as we have already said, there was evidence from which the jury could find it did not exceed five or six. Is the sufficiency of this force so apparent that the court may say, as a matter of law, the defendant did its full duty in the premises? We think not. That the defendant itself regarded this question of fact an open one is manifest from the record, which shows that its defense on the trial was directed almost entirely to prove by expert witnesses that such work could be performed in safety by from four to six men. It is not necessary that plaintiff should have countered this showing with the testimony of other experts in order to make the question one for the jury. The effect and value of such testimony rests entirely with the jury, and this is particularly true where, as in this case, the subject is one of which the jurors may be presumed able to exercise some degree of intelligent, independent judgment. 2 Elliott on Evidence, sections 1046, 1047; 11 Cyc. 131; *Baxter v. R. R. Co.,* 104 Wis. 307 (80 N. W. 644). In the cited case the court says: "Opinion evidence alone is not conclusive in any case. The jury must pass upon the probabilities." This rule is quite applicable to the case before us. There is nothing in the record to class it as an exception to the rule that reasonable care is an inference of fact to be drawn from all the relevant evidence adduced, and therefore not a question for the court. It follows from this conclusion that the trial court erred in directing a verdict, unless we may further say as a matter of law that the alleged negligence of the defendant was not the proximate cause of plaintiff's injury, or that plaintiff has failed to show his freedom from fault contributing to his injury.

Proximate cause and contributory negligence are questions for the jury, save in very exceptional cases where

the facts are so clear and undisputed, and the relation of cause and effect so apparent to every candid mind, that but one conclusion may be fairly drawn therefrom. Such is not the record here presented; but, in view of the fact that a new trial must be ordered, we do not deem it advisable to enter upon a discussion of the evidence. We may say, however, that the contention of appellee's counsel that to reverse the judgment below is to hold that negligence may be inferred from the bare fact that plaintiff was injured is incorrect. The facts and circumstances under which the injury was sustained are shown with particularity. The work to be done, the method of its performance, the help furnished, the manner in which the injury was received are all matters of evidence. Whether this showing indicated the exercise of reasonable care was a matter of fact, and not of law. The fact urged upon our attention that no witness testified in so many words that a greater number of men were needed for the work to be done goes only to the weight, and not to the sufficiency, of the plaintiff's showing. We can easily imagine a case where the weight of a stick of timber is so clearly out of proportion to the number of men assigned to handle it as to justify the jury in finding a want of reasonable care in the master for whom the service is performed. Whether the case at bar is one of this kind is a matter of inference, to be reached only by a study and consideration of the testimony developed on the trial, and this is clearly within the province of the jury.

Counsel have discussed the question whether the defendant's foreman acted as its vice principal in calling plaintiff to assist in unloading the poles. We do not regard it material to pass upon that proposition in disposing of this appeal. Beyond all question plaintiff was actually engaged in defendant's service at the time of the accident. He

*[margin note, left: 3. NEGLIGENCE: proximate cause: contributory negligence.]*

*[margin note, left: 4. MASTER AND SERVANT: relationship: fact question.]*

was doing its work under the direction of the foreman, and it is the contention of its counsel now that the work was only such as he engaged to perform, or at least was such as his employer might rightfully call upon him to perform. Under such circumstances it would require an unwarranted assumption of authority by the court to say that the relation of master and servant did not exist between these parties, or that plaintiff was a mere trespasser or licensee for whose safety defendant was under no obligation to provide. Neither can we say, as counsel insist, that the negligence, if any has been shown causing the plaintiff's injury, was that of a fellow servant. This, too, like the other questions to which we have referred, was a matter upon which the parties were entitled to the finding of the jury.

The question of assumption of risk is not presented further than the same is involved in the general rule by which a servant is impliedly held to accept the risk of all 5. ASSUMPTION    dangers naturally incident to the labor which OF RISK.    he hires to perform; and, even if appellee's counsel be correct (which we do not decide) in their insistence that the unloading of the poles was a service within contemplation of the contract of hire, it still remains true that this assumption of risk does not include any peril arising from a failure of duty on the part of the employer. *Martin v. Light Co.,* 131 Iowa, 724. Whether this work was fairly within the contemplation of the original employment is not so clearly developed in evidence as to make it other than a jury question, and, when determined, it is principally important as bearing upon the scope of the risk which the servant is held to have assumed. *Beet Sugar Co. v. Hight,* 59 Neb. 100 (80 N. W. 276); *Coal Co. v. Haenni,* 146 Ill. 614 (35 N. E. 162); *Lalor v. R. R. Co.,* 52 Ill., 401 (4 Am. Rep. 616); *Stone Co. v. Redmon,* 23 Ind. App., 319 (55 N. E. 454); *Mann v. Print Works,* 11 R. I., 152; *Ferren v. R. R. Co.,* 143

Mass., 197 (9 N. E. 608); *Railway Co. v. Adams,* 105 Ind., 164 (5 N. E. 187); *Railway Co. v. Hanning,* 131 Ind., 528 (31 N. E. 187, 31 Am. St. Rep. 443); *National Co. v. Brady,* 93 Md., 646 (49 Atl. 845); *Jones v. R. R. Co.,* 49 Mich., 573 (14 N. W. 551); Cooley on Torts, 555.

Should the question of the foreman's authority in the premises become a matter of material import on a re-trial of the case, we may assume that the court will give proper instructions thereon to the jury.

For the reasons stated, a new trial must be ordered; and the judgment of the district court is therefore *reversed.*

EVANS, C. J. (dissenting). I do not think the reversal of this case is justified by the record before us. No effort was made by plaintiff to show how many men were customarily used; nor how many men were reasonably and ordinarily necessary; nor how many men could have done the work with safety. Plaintiff rests this proposition solely upon the fact that the accident occurred. Because the men testified that, when the pole began to slip and roll, they could not control it, it is assumed that a larger number of men could have controlled it necessarily, and that if such larger number had been present, the accident would not have happened. This rule would make the master an insurer against all accidents. For, generally speaking, all accidents could be prevented if the immediate conditions causing them could be foreseen, and appropriate precautions taken. Reasonable diligence is what is required of the master. If he furnishes the number of men which are reasonably and ordinarily necessary to do the work under the conditions which are known, or ought to be known, by him, then he is not negligent, even though in a given case the accident might have been prevented by a larger number of men. It was incumbent upon the plaintiff to put in some evidence on this question. It might have been direct, or circumstantial, or hypothetical. Without

some evidence other than the mere fact that the accident occurred the court would not have been warranted in submitting the question to the jury for their mere speculation and independent judgment. To hold otherwise would be to adopt the doctrine of *res ipsa loquitur*. Such doctrine has not been heretofore adopted by this court. In view of plaintiff's omission to offer evidence on this question, I feel compelled to hold that he failed to make a case for the jury, and that the trial court correctly ruled in dismissing his petition. For this reason, I dissent.

ACTION in equity for a partnership accounting and for judgment on certain notes, one for $1,500, signed by E. D. Adams and M. E. Johnston, and another for $1,254, signed by E. D. Adams and Annie J. Adams. A. N. Hemingway and J. M. Adams were made parties because they claimed a lien upon certain of the partnership property, in virtue of a chattel mortgage upon the partnership property given by E. D. Adams to secure a note for $943. The case was referred to Hon. R. P. Howell, who made a finding of facts and conclusions of law. These conclusions were favorable to plaintiff and they were adopted by the trial court. Defendant Hemingway appeals. *Reversed.*