JAMES A. HUFFMAN, Appellant, v. T. W. KING and WIGGINS SYSTEM, INC., Appellees.

No. 43469.

JUNE 19, 1936.

REHEARING DENIED DECEMBER 17, 1936.

E. A. Lingenfelter and W. W. Bullman, for appellant.

Casper Schenk, for appellees.

KINTZINGER, J.—The evidence in this case tends to show that about 9:30 p. m. on October 7, 1934, the plaintiff, in company with a Mr. and Mrs. Mayers, was returning to his home from a Mission service held at the corner of Second and Court

streets in Des Moines. They lived not far from the Mission and were returning home on foot. On reaching the sidewalk on the southeast corner of Third and Walnut streets, in that city, plaintiff and his companions prepared to walk west across Third street along the south side of Walnut. Before leaving the sidewalk, plaintiff looked to the north and south, and seeing no cars approaching from the south, and seeing none within a distance of about 240 feet from the north, he and his two companions started across the intersection on the crosswalk used by pedestrians. Plaintiff says that he had looked far enough north to be sure he had plenty of time to cross over in safety. Our conclusion that he looked north about 240 feet before crossing is based upon evidence from which the jury could draw the inference that defendant's car, just before the accident, was traveling eight times as fast as plaintiff was walking. Third street between curbs is about 40 feet wide, and Walnut street between curbs is about 60 feet wide. On reaching the center of Third street, he again looked both north and south, and seeing no cars approaching within a distance of about 140 feet north of the crosswalk, he and his companions continued across the street. Plaintiff testified that when he looked north the second time he saw no cars coming within about 140 feet, and that he thought he had ample time to cross in safety.

After looking north the second time he and his companions continued to cross, and when he came to within ten feet of the opposite sidewalk, he was struck by a rapidly approaching automobile driven by the defendant King and owned by the defendant, Wiggins System, Incorporated. There was also evidence tending to show that a street car traveling west along Walnut was also crossing Third street at just about the same time plaintiff was crossing that street; that as the street car was crossing the intersection, defendant's automobile dashed across Walnut street in front of the street car at such a rapid rate of speed that it just missed striking the street car. A passenger in the street car testified that the defendant drove his car at such a speed and in such a manner across Walnut street in front of the street car, that the defendant's car just missed striking the street car by a few feet.

The evidence also fairly tends to show that defendant's car was traveling about 25 miles an hour across the intersection in front of the street car, and that the driver failed to sound his

horn or give any warning to pedestrians crossing the street. There is also evidence from which the jury could find that the driver failed to maintain a proper lookout, or reduce the speed of his car while approaching plaintiff and his companions as they were crossing Third street.

At the close of plaintiff's evidence, defendant filed a motion for a directed verdict, based chiefly upon the grounds, (1) that plaintiff failed to establish any negligence on the part of defendant which was the proximate cause of the injury and damage to plaintiff; and (2) that the evidence failed to show that plaintiff was free from any negligence on his part, but was guilty of contributory negligence. This motion was sustained by the court and plaintiff appeals.

 I. It is the settled rule of law in this state that if there is any evidence from which a jury could find that a driver was guilty of any negligence which proximately caused an injury, the question of such negligence must be submitted to the jury. Allender v. Railroad Co., 37 Iowa 264; Dreier v. McDermott, 157 Iowa 726, 141 N. W. 315, 50 L. R. A. (N. S.) 566; Balcom v. Independence, 178 Iowa 685, 160 N. W. 305, L. R. A. 1917C, 120; Nelson v. Hedin, 184 Iowa 657, 169 N. W. 37.

The first question for determination, therefore, will be whether or not there is any evidence tending to show that defendant driver was guilty of any act of negligence as alleged. Among the acts of negligence alleged in plaintiff's petition are (1) that the defendant exceeded the speed laws of the State; (2) that he failed to reduce the speed of his car, as he approached the street crossing over which the plaintiff was walking, to a reasonable and proper rate; (3) that he failed to keep a proper lookout for pedestrians along that crossing; and (4) that he failed to sound his horn or give any warning to pedestrians on the crossing.

Without setting out the evidence in detail it is sufficient to say that the record in this case shows that there was evidence tending to show that defendant's automobile was driven across the intersection, at the time it struck plaintiff, at a speed of 25 miles per hour. The speed limit prescribed by statute in the business district of a city or town is 15 miles per hour. Section 5030 of the Code of 1931 provides:

"For the purpose of controlling traffic * * *, cities and

towns are hereby divided into business districts, residence districts, school districts and suburban districts * * *.

"The maximum speed of any vehicle in such districts shall be * * * in a business or school district, 15 miles per hour. * * *"

The evidence shows that the corner of Third and Walnut streets is only one block from the main post office in the city of Des Moines and is in the business district of that city. If defendant was driving at a speed of 25 miles per hour, it necessarily follows that he was exceeding the speed limit and was guilty of negligence in this respect. The question of the rate of speed at which he was traveling was necessarily one for the jury.

The evidence also tends to show that the defendant driver did not maintain a proper lookout or reduce the speed of his car in approaching the crossing over which the plaintiff and his companions were walking.

Section 5031 of the Code of 1931 requires a person operating a motor vehicle to have it under control and reduce its speed to a reasonable and proper rate "when approaching * * * a person walking in the traveled portion of the public highway," and "when approaching and * * * crossing * * * intersections of public highways * * *." Holderman v. Witmer, 166 Iowa 406, 147 N. W. 926; Fisher v. Ellston, 174 Iowa 364, 156 N. W. 422; Roberts v. Hennessey, 191 Iowa 86, 181 N. W. 798.

In Roberts v. Hennessey, 191 Iowa 86, loc. cit. 101, 181 N. W. 798, 804, this court said:

"The appellant argues the broad proposition that a driver of an automobile who sees a pedestrian on the street cannot be guilty of negligence for failure to bring the automobile to a full stop, upon approaching the pedestrian, who is apparently oblivious of such approach. Such cannot be the law. Our statute provides that every person operating a motor vehicle on the public highways of this state shall drive the same in a careful and prudent manner. This is no more than declaratory of the common law, and simply means that the driver of an automobile shall use such care as a man of ordinary prudence and care would exercise, under the same circumstances. Occasions may undoubtedly arise where the failure to come to a full stop would be negligence of a flagrant kind. To deliberately run down a pedestrian, apparently oblivious of the approach of an automobile, would be little less than manslaughter."

There is evidence in this case tending to show that instead of reducing his speed and having his car under proper control, upon approaching the plaintiff and his companions upon the crossing, the defendant failed to reduce his speed until after he had crossed the street car tracks. It is fair to say from the evidence in this case that if defendant driver, while crossing Walnut street, had reduced the speed of his car to 15 miles an hour, and had it under proper control, he would have been able to have stopped his car before striking plaintiff, and the accident would not have occurred. The question of defendant's negligence upon this point, therefore, became one for the jury.

The evidence also tends to show that the defendant driver gave no warning of his approach to the intersection in question, and the question of his negligence in failing so to do was, therefore, also a question for the jury. Code section 5043; Roberts v. Hennessey, 191 Iowa 86, 181 N. W. 798; Hough v. Illinois Central R. Co., 169 Iowa 224, 149 N. W. 885; Corning v. Maynard, 179 Iowa 1065, 162 N. W. 564.

Without reviewing the evidence in further detail, it is sufficient to say that there is evidence in the record from which the jury could find that one or more of the acts of negligence alleged have been sufficiently established to make the question of defendant's negligence one for the jury.

II. Defendants strenuously contend, however, that the motion for a directed verdict was properly sustained because the plaintiff failed to show that he was free from contributory negligence; and that the evidence introduced is not sufficient to make that question one for the jury.

It is the well settled rule of law in this state that if there is any evidence tending to establish plaintiff's freedom from contributory negligence, that question is one for the jury. Allender v. Railroad Co., 37 Iowa 264; Fitter v. Telephone Co., 143 Iowa 689, 121 N. W. 48; Holderman v. Witmer, 166 Iowa 406, 147 N. W. 926; Nelson v. Hedin, 184 Iowa 657, 169 N. W. 37; Barnes v. Barnett, 184 Iowa 936, 169 N. W. 365; McSpadden v. Axmear, 191 Iowa 547, 181 N. W. 4; Read v. Reppert, 194 Iowa 620, 190 N. W. 32; Carlson v. Meusberger, 200 Iowa 65, 204 N. W. 432; McWilliams v. Beck, 220 Iowa 906, 262 N. W. 781; Enfield v. Butler, 221 Iowa 615, 264 N. W. 546; Roberts v. Hennessey, 191 Iowa 86, 181 N. W. 798.

In Fitter v. Telephone Co., 143 Iowa 689, loc. cit. 693, 121 N. W. 48, 50, this court said:

"Proximate cause and contributory negligence are questions for the jury, save in very exceptional cases where the facts are so clear and undisputed, and the relation of cause and effect so apparent to every candid mind, that but one conclusion may be fairly drawn therefrom."

Of similar import is McSpadden v. Axmear, 191 Iowa 547, 181 N. W. 4.

In Roberts v. Hennessey, 191 Iowa 86, loc. cit. 95, 181 N. W. 798, 802, this court said:

"Adjudicated cases are of comparatively little value in assisting us in arriving at a determination of whether or not the appellee, in a case of this kind, is guilty of contributory negligence, for the reason that it is a rare circumstance to find two cases that are identical in their facts. If fair-minded and reasonable men would differ on the question of fact as to whether or not the appellee was guilty of contributory negligence, then the case should have been submitted to the jury on that question. We are asked to hold that, under the circumstances of this case, the appellee was guilty of contributory negligence, as a matter of law. The appellee and the appellant each had a right to the use of the street. It was not negligence for the appellee to leave the curb and walk to the usual place where passengers took the street car. * * * The appellee was not guilty of contributory negligence, as a matter of law * * *, in standing with the crowd of passengers awaiting the street car, and in failing, during that time, to watch the automobile * * *."

A pedestrian is not required, as a matter of law, to look both ways and listen for approaching motor vehicles before undertaking to cross a street; nor is he bound to constantly keep a lookout for approaching vehicles. Roberts v. Hennessey, 191 Iowa 86, loc. cit. 98, 181 N. W. 798; Wine v. Jones, 183 Iowa 1166, 162 N. W. 196, 168 N. W. 318; Baker v. Close, 204 N. Y. 92, 97 N. E. 501, 38 L. R. A. (N. S.) 487; Adler v. Martin, 179 Ala. 97, 59 So. 597; Gerhard v. Ford Motor Co., 155 Mich. 618, 119 N. W. 904, 20 L. R. A. (N. S.) 232.

Automobiles and pedestrians have the same rights to the use of a street; their relative rights are equal. One has no rights

superior to the other, except as declared by statute or ordinance, but each is under a duty to exercise reasonable and ordinary care towards the other. Rolfs v. Mullins, 179 Iowa 1223, 162 N. W. 783..

The plaintiff in crossing the street in question was required under the law to exercise ordinary and reasonable care for his own protection. If the plaintiff was exercising such care under the circumstances disclosed by the evidence in this case, then it cannot be said, as a matter of law, that he was guilty of contributory negligence. Would reasonable minds differ in determining whether or not the plaintiff did exercise such care? The law does not prescribe precisely what must be done in any particular case to constitute due care. This depends upon the peculiar facts of each particular case, and if reasonable minds might differ on the question as to whether or not plaintiff did or did not use reasonable or ordinary care, that question should be submitted to the jury.

The opinion in Roberts v. Hennessey, 191 Iowa 86, 181 N. W. 798, reviews many authorities upon this question, and reference is made thereto.

In the case at bar the evidence shows that before the plaintiff stepped onto the street crossing, he looked both north and south; that he saw no automobile approaching from the north within a distance of about 240 feet. The evidence tends to show that within that distance, if the defendant driver had been observing the speed laws of the state, plaintiff could, in the exercise of ordinary care, have expected to reach the opposite sidewalk in safety. *Plaintiff said he looked far enough north to be sure that he could get across safely,* and seeing no cars approaching within that distance, he started across. He didn't look farther north than 240 feet. It may be true that if he had looked north to Grand Avenue, a distance of two blocks, he might have seen the lights on defendant's car approaching within that distance, but his knowledge of an approaching car at that distance would not, as a matter of law, make him guilty of contributory negligence in attempting to cross the street, if he, acting as an ordinarily careful and prudent person, had reason to believe that he could make the crossing in safety. All that the law requires is that he exercise reasonable care, and if it appeared to him, acting as a reasonably prudent person, that he could cross in safety,

he would not be guilty of contributory negligence in attempting so to do.

Plaintiff was walking at the rate of about three miles per hour. At the time he was struck he had already crossed two-thirds of a forty-foot street. There is evidence from which the jury could find that the automobile was traveling at 25 miles per hour at and immediately prior to the time of the accident. If so, it would have traveled 240 feet during the time it took the plaintiff to walk thirty feet. Other evidence that defendant was traveling fast was the existence of skid marks on the pavement, 27 feet long, extending southwesterly from a point a few feet north of where plaintiff was struck. Defendant's car also struck Mrs. Mayers, one of the companions with whom plaintiff was crossing the street, carrying her about 30 feet south of the crossing. The automobile itself did not come to a stop within 36 feet south of the crossing.

It is the well settled rule of law of this state that for the purpose of a ruling on a motion for a directed verdict, the evidence must be viewed in its most favorable light for plaintiff. McWilliams v. Beck, 220 Iowa 906, 262 N. W. 781; Bauer v. Reavell, 219 Iowa 1212, 260 N. W. 39.

In McWilliams v. Beck, 220 Iowa 906, loc. cit. 909, 262 N. W. 781, 782, we said:

"It is the well-settled law of this state that the court in passing upon a motion to direct a verdict against the plaintiff 'must view the evidence in the light most favorable to the plaintiff. Every inference reasonably permissible in support of the issue should be carried to the aid of the evidence.' Bauer v. Reavell, 219 Iowa 1212, 1219, 260 N. W. 39, 43.''

It is fair to presume from the evidence that if the automobile had been traveling at the statutory speed of 15 miles per hour, a jury could find that plaintiff could have safely reached the opposite sidewalk in safety. This was a question of fact to be determined by the jury. A pedestrian has a right to assume that an automobile is traveling at a lawful rate of speed.

Two street car tracks in the center of Walnut street run parallel with the direction in which plaintiff was walking. The street car traveling west on Walnut was crossing Third street at or about the same time plaintiff was crossing that street. This is a circumstance to be considered by the jury in determining why

the plaintiff might have failed to observe defendant's automobile after he looked north from the center of the street. Plaintiff was also looking for cars coming from the west which might turn south around the corner; and he was also looking toward the south. He was not required to look both ways all the time.

The evidence also tends to show that defendant's automobile was traveling 25 miles per hour as it dashed in front of the street car referred to. It might be that if the street car had not been crossing Third street at just about the time plaintiff had reached the center of that street, he might have observed the speed of defendant's approaching automobile in time to have avoided the accident. But it is fair to presume from the evidence that a jury could find that after plaintiff reached the center of the street, and after looking north, the street car might have been within the line of vision between plaintiff and defendant's automobile, thereby obstructing his view of the approaching automobile. Under such circumstances, plaintiff would not be required to anticipate the approach of defendant's automobile at an excessive and unlawful rate of speed.

If defendant's automobile was traveling eight times as fast as plaintiff, at and prior to the collision, it would have been 240 feet north of the south crossing of Walnut and Third streets, when plaintiff started across the street. Assuming for the purpose of this case that defendant's automobile was that distance north of the crossing in question, it can hardly be said, as a matter of law, that a pedestrian would be guilty of contributory negligence, in attempting to cross a city street having a double street car track and another crossing between defendant's automobile and plaintiff, considering that it was in the business district of the city, and that the plaintiff had a right to assume that the approaching automobile would not exceed the speed limit. A pedestrian under such circumstances would have a right to assume that the defendant, upon approaching the two crossings over Third street, and the double street car track on Walnut, would reduce the speed of his car to at least 15 miles an hour, and have it under proper control to avoid striking pedestrians on the crossing.

It is our conclusion that under the peculiar circumstances of this particular case that reasonable minds might reach different conclusions as to whether or not the plaintiff, at the time he was crossing the street in question, was acting as a reasonably pru-

dent and cautious person under the same or similar circumstances.

We are constrained to hold that under the peculiar facts in this case, the question of plaintiff's contributory negligence is for the jury.

For the reasons hereinabove expressed, the judgment of the lower court is hereby reversed.—Reversed.

DONEGAN, C. J., and HAMILTON, ALBERT, MITCHELL, PARSONS, RICHARDS, and STIGER, JJ., concur.