C. M. TAYLOR, Appellee, v. FRANK KRAL et ux., Appellants.

No. 47111.

October 14, 1947.

Helmer & Minnich, of Carroll, and Putnam, Putnam & Putnam, of Des Moines, for appellants.

White & Bruner, of Carroll, for appellee.

MANTZ, J.—The plaintiff, C. M. Taylor, brought suit against defendants, Frank Kral and Mrs. Frank Kral, claiming damages for injuries suffered by him by being struck by an automobile owned by Frank Kral, which automobile he claims was being negligently driven by Mrs. Frank Kral. The case was submitted to the jury and a verdict was rendered in favor of plaintiff and against both defendants. A motion by defendants to set aside the verdict and grant a new trial was overruled and defendants have appealed.

I.  Appellants in this appeal have set forth four errors and on such claimed errors they ask that the judgment of the trial court be reversed and a new trial granted them.

Generally speaking, the assigned errors relate to appellants' claim that a verdict should have been directed against appellee in that he was guilty of contributory negligence as a matter of law; also, to the refusal of the trial court to give instructions requested by appellants and the giving by the court of certain instructions. These claimed errors have been set out and argued in separate divisions of appellants' brief and argument.

II.  Before taking up and considering the claimed errors we think that it will be helpful to an understanding of the issues made and of the matters involved in this appeal to set forth a brief summary of the record facts.

Plaintiff-appellee was sixty-five years of age and lived at Clarion, Iowa, and since 1918 had worked as a freight brakeman for the Great Western Railroad, which has a line running through the city of Carroll, Iowa. His duties required much physical labor. About 3 p.m., October 6, 1945, he was assisting in the switching of some freight cars, and when injured was standing on a step of a coal car then being spotted for the Joyce Lumber Company of Carroll. It was a bright, clear day. A switch engine was pushing a string of cars eastward and the car on which appellee was riding was at the east end. As this train was moved eastward appellee stood on the stirrup step

on the north side of the car and was giving directions to those then operating the train as to what point the car was to be spotted. Appellee stood holding to a handhold on the northeast corner of the car and had his back to the north and east. He looked to the south as the car passed over and across Clark street. This street ran north and south, carried considerable traffic, and was one of the main streets of such city. Before the cars being switched arrived at the crossing the train conductor, Bartlett, testified that he stationed himself in the street north of the tracks about twenty-five feet, to act as a watchman and to warn traffic approaching the crossing, either north or south. He testified this was an act which he regularly performed when the cars being switched crossed the streets. When the car upon which appellee was riding was almost across the street, Mrs. Kral, driving an automobile, approached from the north at a speed of from fifteen to twenty miles per hour. Bartlett testified that he sought to stop her by making stop signs with his arms, but, disregarding such signs, she proceeded ahead, making it necessary for Bartlett to jump aside to avoid being struck. As the automobile came close to the train the driver swerved to her left and to the east and the automobile collided with the car at a point where appellee was holding onto the side of the car, pinning him against it and severely injuring him. As a result appellee was taken to a Carroll hospital, then home. At the hospital he received medical treatment. Later, at a Mason City hospital, he had an operation. Since that time appellee has not been able to carry on his regular work as a brakeman. He tried to resume his work on several occasions but was unable to do so.

He made claim in his petition for personal injuries, pain and suffering, loss of time, and also for permanent injuries.

III. The first error set forth by appellants is that the evidence was insufficient to warrant the court in submitting the case to the jury; also, that the evidence showed that appellee was guilty of contributory negligence as a matter of law. Inasmuch as appellants have argued both of these matters in one division we will follow a like order in considering them.

If appellee has shown himself free from contributory negligence, then we are of the opinion that there was in the

record ample evidence to warrant the court in submitting the issues to the jury.

Appellants argue at length that the record shows that appellee was guilty of contributory negligence as a matter of law, and hence the court erred in overruling their motion for a directed verdict. This claim of appellants is largely predicated upon the testimony of appellee. He testified that he was standing on a stirrup step at the east end of the coal car, which was being pushed to a position just east of Clark street. He stated that he was on this step and was supporting himself in an upright position by holding a metal handhold just above the step; that he was facing east, with his back mostly to the north, and that as the car started to cross the street, and while it was crossing, and as it reached the other side, he did not look to the north, which was the direction from which Mrs. Kral was approaching in the automobile. He stated that he knew the conductor was on the north side of the track, standing in the street to warn approaching traffic. The stirrup upon which he was standing was approximately thirty to thirty-two inches from the ground. As the car on which appellee was riding approached the crossing on Clark street, and while it proceeded across to the place where the coal car was to be spotted, appellee looked ahead, also south down the street to observe traffic from that direction. He was in the position required in carrying out his duty of placing the coal car in a proper position. We quote from his testimony touching such matter:

"I was standing on the stirrup or step of the car on the east end of the car shoving up to the coal chute or coal shed. Exhibit B is exactly the type of car that I was riding on that day. * * * I was standing on that corner on the corner of the car going east. I was standing on the east end. We were shoving east and I was on the lead coach. * * * Q. Was your back to the north? A. Yes, I would say it would be more to the north than any other. * * * Q. Do you have any memory of seeing this car coming down the street? A. No, I never saw no car coming down the street."

Taking into consideration the fact that there is evidence that the conductor was out in the street between the coal

car and the automobile driven by Mrs. Kral, the position of appellee on the coal car, his necessity of being there in the switching operation, the fact that this coal car was almost entirely across to the east side of the street when Mrs. Kral turned her automobile to the east just before it struck appellee, we do not see where appellee could be held negligent as a matter of law. We hold that the question of his negligence was for the jury and under proper instructions. It seems to us that under the situation appellee had no reason to apprehend danger. In the case of Downing v. Merchants Nat. Bk., 192 Iowa 1250, 184 N. W. 722, 20 A. L. R. 1138, a party brought suit, claiming negligence on the part of the defendant in having a door in the bank vestibule and that as plaintiff sought to enter the bank through the same he fell downstairs and was injured. The bank set up the claim that Downing was guilty of contributory negligence to such a degree that he could not recover. The claim was made that his failure to look resulted in his injury. This court denied such claim and quoted with approval from the case of Engel v. Smith, 82 Mich. 1, 7, 46 N. W. 21, 22, 21 Am. St. Rep. 549, as follows:

"It is a sound rule of law that it is not contributory negligence not to look out for danger when there is no reason to apprehend any."

In the case of Spiker v. City of Ottumwa, 193 Iowa 844, 849, 186 N. W. 465, 467, the rule above stated was approved. Further therein the court said:

"There is no rule by which failure to look out for or discover danger, when there is no reason to apprehend any, can rightfully be held contributory negligence, as a matter of law."

In support of such rule, see LaSell v. Tri-States Theatre Corp., 233 Iowa 929, 957, 11 N. W. 2d 36.

In the case of Posener v. Long, Tex. Civ. App., 156 S. W. 591, the plaintiff was walking beside a street railway track looking in the direction from which a streetcar was approaching. She did not look in the other direction and was struck by an automobile coming from that quarter. Held that the plaintiff,

in failing to look, was not guilty of contributory negligence as a matter of law.

We hold that the trial court did not err in overruling appellants' motion to direct a verdict on the ground that appellee was guilty of contributory negligence as a matter of law.

In support of their claim as set forth in this division appellants have cited many cases. We do not find that they can have application here. Most of them deal with cases where pedestrians were struck by motor vehicles while crossing streets. Many of the cases cited are of no benefit here due to the fact situation.

We have no such situation here. In this case appellee was in a place where he had a right to be and where his duty required him to be. He had a right to assume that the driver of an oncoming automobile would pay heed to the warning sign being given by the conductor; also, to the crossing sign just north of the crossing. The train was in plain sight and appellee had a right to assume that drivers of motor vehicles would observe it and its position.

Whether appellee was guilty of contributory negligence under this record was a jury question. We have on numerous occasions held that the question of contributory negligence usually is one of fact for the jury. In the case of Nelson v. F. W. Woolworth & Co., 211 Iowa 592, 603, 231 N. W. 665, 670, this court quoted from Murphy v. Iowa Elec. Co., 206 Iowa 567, 571, 220 N. W. 360, 362:

" 'The presence or absence of contributory negligence, generally speaking, is peculiarly a question for the jury, rather than the court, to detect and settle.' "

In support of the rule above stated, see Huffman v. King, 222 Iowa 150, 268 N. W. 144. In that case, this court, speaking through Kintzinger, J., made an extensive review of the cases dealing with the matter of contributory negligence and when said issue should be submitted to the jury. See, also, Fitter v. Iowa Tel. Co., 143 Iowa 689, 121 N. W. 48; Roberts v. Hennessey, 191 Iowa 86, 181 N. W. 798; LaSell v. Tri-States Theatre Corp., supra.

■ IV. The next error urged by appellants is the failure of the court to give the jury requested Instruction No. 1. This requested instruction set forth the necessity of appellee to show his freedom from contributory negligence, and also set forth the contention of appellants that the ordinances of the city of Carroll, Iowa, governed the operation of locomotives in said city and particularly required the ringing of the bell when so operating. It dealt with the necessity of the appellee to exercise ordinary care for his own safety. We think the court properly refused to give the requested instruction. It was rather long, somewhat involved, carrying several distinct matters, and we think that it placed rather undue emphasis upon the matter of the ringing of the engine bell. In addition, we think that the instructions given by the court covered all of the essential parts of the requested instruction. Instruction No. 2, paragraph 5, told the jury that appellee must show that he was free from contributory negligence. The term was correctly defined in a later instruction. As to the part of the requested instruction dealing with the operation of the locomotive and the ringing of the bell, we are of the opinion that this matter was fully and fairly covered by other instructions given by the court. It was the claim of appellants that the sole proximate cause of the collision was the failure of the railroad company to ring the bell while switching, as required by the ordinance. In Instruction No. 13½ given by the court this claim of appellants was set forth, and on this matter the court instructed:

"* * * and if it appears that the negligence of the railroad company, in not continually ringing its bell while in the operation of the switching process at the intersection, if there was such failure on its part, was the sole proximate cause of the accident the plaintiff may not recover and your verdict should be for the defendants."

We think that the instruction given on this point covered the point requested and was all the appellants were entitled to. In the instructions the court defined correctly the term "proximate cause."

Mrs. Kral said she did not hear any bell; other witnesses testified positively that it was being rung at the time the train

was proceeding over the crossing. Mrs. Kral testified she saw no watchman at any point. In this she is contradicted by other witnesses. She says that she slowed down to about fifteen miles per hour as she approached the railroad track; that as she proceeded she slowed down to some extent; that as she got down to the spur track of the Iowa Public Service (first track to the north) she saw the car being switched eastward on the next track. She said she thought it may have been forty feet ahead. The record shows that the street at that point was over thirty feet wide and that it is forty-seven feet from one track to another. Mrs. Kral said that she was familiar with the crossing; that her brakes were good; that she did not apply them; that she saw the car and a man standing on the side; that if she had applied the brakes she could have stopped; that at fifteen miles per hour she could have stopped within forty feet; that if she had been going from ten to fifteen miles per hour she could have stopped within twenty to twenty-five feet.

According to the undisputed facts, Mrs. Kral must have been at least fifty feet north when she saw the train and the car on which the appellee was riding. In fact, she saw him standing up against the car. When she saw the car and appellee on it she was fully apprised of the situation. The ringing of the bell would not have aided her.

Appellants claim that the court in the instruction should have told the jury that the speed of the train was limited by ordinance to fifteen miles per hour. It is difficult to see its application to the record facts. Mrs. Kral testified that she saw the car in time to have stopped if she had applied her brakes. All the witnesses testifying on that point gave the speed of the train at ten miles per hour or less. In view of the fact that the car on which appellee was riding was to be spotted just east of the crossing it can readily be inferred that it was almost to a stop when Mrs. Kral ran into it. The part of the requested instruction dealing with the care required by appellee is likewise fully covered and explained in the instruction given.. We see no merit to the claim of appellants that the court erred in failing to give the requested instruction.

V. The third error claimed relates to the refusal of the court to give requested Instruction No. 9. This requested

instruction deals with the situation wherein appellants asked that the jury be instructed that if appellee knowingly placed himself in a position of danger which could be seen and appreciated he was guilty of negligence as a matter of law. The court very properly refused to give such an instruction. By reason of the record facts, appellee in line of his duty was required to take the position he took in order to carry on the switching operation. A switchman riding on a car being switched can hardly be said to be in a position of danger. The danger arose by reason of the negligent—not to say reckless—conduct of Mrs. Kral in operating the automobile. The record shows that the court gave proper instructions on that point and properly refused the requested instruction. The court did not err in refusing to give the requested instruction.

VI.  The final error urged is that Instruction No. 16 is erroneous. This instruction dealt with the matter of damages in case the jury found for the appellee-plaintiff. The third paragraph of said instruction is the part complained of. Such paragraph is as follows:

"And if you find that his injuries will continue you will consider the probable duration thereof and allow him for such future doctor's and nurse's services and hospital care, and for such future impaired ability to labor and earn money in the future, and for such future pain, suffering and mental anguish as the plaintiff is reasonably certain to suffer as the direct, proximate result of his injuries; and for such matters you may allow such sum as, based upon an impartial, approximate estimate thereof, being presently paid, will fairly and reasonably compensate the plaintiff for such future expenses and for such future impairment of earning capacity, and for such future pain and suffering and mental anguish."

Appellants' objection to said paragraph was set forth in the first two paragraphs of objections and exceptions. In the first paragraph of said exception the appellants complain, "* * * that said instruction submits to the jury an issue of permanent injuries, whereas there is insufficient evidence in the record to warrant the court in submitting to the jury an issue of permanent injury."

As we read the third paragraph of the instruction given we do not find therein that the court instructed that they might allow for permanent injuries.

In stating the issues to the jury, and based upon appellee's petition, the court does not state that there is a claim made for permanent injuries.

Dr. Morrison, testifying for appellee as to whether the injuries suffered in the collision by appellee would result in permanent injuries, said: "Well that is a difficult question to answer because only time will tell."

▬ The second objection or exception to said paragraph 3 of Instruction No. 16 is:

"* * * that said instruction submits to the jury an issue of future pain and suffering whereas there is insufficient evidence in the record to warrant the court in submitting to the jury the issue of future pain and suffering * * * as an item of damages."

Dr. Morrison had charge of appellee for a few days while appellee was in the hospital at Carroll. After some treatment appellee went to his home in Clarion; later, upon advice of Dr. Lachmiller, he went to a hospital in Mason City, where he was operated on for an umbilical hernia. Dr. Lachmiller stated that in his opinion the hernia was brought about by a severe trauma. This physician attended appellee after the return to Clarion. He testified that ever since the accident appellee had suffered a great deal from back pains and sciatica and sciatic rheumatism. He said, "It is very disabling inasmuch as it is crippling."

Dr. Morrison examined appellee just before the trial (February 1947) and stated that there was a marked change. We quote:

"* * * and the examination seemed to reveal that he had certain signs and symptoms which I don't believe were put on. There is no question but what he had different changes from the first time I saw him. There is no question at least from the outward appearance that his condition is worse. I don't think it is for the better. It is for the worse from the first time I saw him."

This witness went on to say that appellee had arthritis before the accident; also that a severe injury would aggravate it; that such a condition would cause severe pains and in the case of appellee would prevent him from doing any heavy work. He was asked how long this disability would likely continue. He answered:

"That would be difficult to say. It has been aggravated over this past year without doubt but I couldn't put any time on it or anything else because only time will tell."

This witness testified that the injury had resulted in one of lumbosacral strain. This caused appellee to complain a lot of back pains. Dr. Morrison stated that in his opinion the back pains of appellee came from the injury.

Appellee testified that previous to the injury he had worked steadily as a brakeman and had done much heavy work. After telling of his injury and the time lost, he testified as to his present condition. We quote:

"I have felt terrible all the time I worked during this period. I have worked many a day and many a night that I didn't want to and I have worked every day that it was humanly possible for me to work. It is terrible. I have got to the stage where I can't work any more. Right down in the small of my back I have a very bad pain. As near as I can tell you, if you had some sand between the thumb and your finger and rubbed it hard it would make quite a grit and cut sensation. If I move around, and especially if I am jolted around, it seems like that is a grind in there and it goes right down to my hip and down to my heel, and so help me, now I can count the strokes of my heart beat in my heel right now. It is a very painful thing and it is a continuous pain, that hip and back is. It has got so I can't ride in trains or cars, the vibration. I can't ride twenty-five miles in an automobile. There seems to be a quiver about that and it is just terrible. It is hard to go through. I was working steadily up to the time of the accident and had no serious injuries."

We find no merit to the objections or exceptions of appellants to said Instruction No. 16 as above set forth.

██ A further objection was made in argument to that part of said Instruction No. 16 wherein the jury, in estimating damages, were permitted to allow expenses for future doctors' and nurses' services and hospital care as the appellee would be reasonably certain to suffer as the direct and proximate result of his injuries. The argument of appellants is that there was no evidence to sustain that feature of the instruction.

No such objection or exception was urged until the motion for a new trial and for that reason we will not consider it. Rule 196 provides that objections or exceptions to instructions must be made or taken before the instructions are read to the jury. By reason of such rule we do not pass upon such claim of error. We hold that there was no error in the giving of Instruction No. 16.

As to the giving of instructions and refusal to give others requested, see Skalla v. Daeges, 234 Iowa 1260, 15 N. W. 2d 638.

We find no error in the record and the case is affirmed.— Affirmed.

OLIVER, C. J., and BLISS, GARFIELD, HALE, HAYS, MULRONEY, and SMITH, JJ., concur.