NIMS v. BOONE COUNTY.

1. County Bridge: APPROACH TO AS PART OF: QUESTION FOR JURY. Whether an approach to a county bridge in a certain case constitutes a part of the bridge, for the negligent construction of which the county is liable, is a question for the jury to determine from the evidence, (*Moreland v. Mitchell County*, 40 Iowa, 394,) and the court in this case erred in determining it as a question of law.

*Appeal from Story Circuit Court.*

WEDNESDAY, JUNE 3.

ACTION to recover for personal injuries sustained by plaintiff's wife by reason of a buggy, in which she was riding, being backed by the horse off an embankment constituting the approach to a county bridge.   It is alleged that the accident resulted from the dangerous condition of the bridge and approach, caused by negligence in constructing and maintaining them.   There was a judgment on a verdict for plaintiff.   Defendant appeals.

*S. R. Dyer*, for appellant.

*Hindman & Hall*, for appellee.

BECK, CH. J.—I.   There was evidence tending to prove the

following facts: Plaintiff's wife, in making a short journey, conveyed by a horse and buggy, crossed a bridge built by defendant. She drove the horse hitched to the buggy, and was accompanied by a boy, who rode with her and led another horse. In going upon her journey she discovered that at the end of the bridge, furthest in the direction she was going, there was an opening between the bridge and embankment, about five feet long and two feet wide, which was partly covered by a plank. She drove so as to avoid the hole without difficulty. In returning, when upon the approach to the bridge, and quite near it, the horse driven in the buggy stopped, and refused to go further, having seen the hole, and the water of the creek through it. He was urged to go forward, but refused to do so, and backed, "cramping" the buggy so that it went over the embankment, thus causing the injuries sustained by plaintiff's wife. The horse driven by plaintiff's wife, who was accustomed to driving, was gentle, and the whip was not used upon him at the time to urge him to cross the bridge. The evidence does not clearly show the distance from the bridge to the point where the buggy went over the embankment, but it could hardly have been less than sixteen feet. The bridge is forty feet long and fourteen feet wide. The embankment was eleven feet wide on the top, and was without railings or other protection for teams. It was more than one hundred and seventy-five feet long, being about eight feet high at the bridge, and at the distance of seventy-five feet therefrom, about three and one-half feet high. It was built by the road-district, and not by the county.

II. The circuit court directed the jury that the bridge and approach, being more than forty feet long, are to be considered together as constituting a county bridge, and for negligence in its construction, causing the accident, the county is liable. The court thus held that, as a matter of law, the embankment constituting the approach to the bridge was, at the place where the accident happened, to be regarded as a part of the bridge. The instructions holding this rule are errone-

ous.   This court held in *Moreland v. Mitchell Co.*, 40 Iowa, 394, that whether an approach to a bridge constitutes a part of the bridge, for negligence in the construction of which the county is liable, is a question of fact for the determination of the jury.   It was held by the court that the jury in that case rightly found the approach to be part of the bridge.   A reading of the opinion will disclose many and important differences between the facts of that case and this.   Of course it will be understood that the discussion of the facts in that case has no application to this.

III.   Upon some other questions arising upon the instructions we are not wholly agreed, and therefore do not discuss them.   But we do unite in the opinion that, upon the doctrine of contributory negligence, and the care that plaintiff's wife was required to exercise, the jury should have been more fully and explicitly instructed.

On account of the error in the instructions above pointed out, the judgment of the circuit court is

REVERSED.