## NEWCOMB v. MONTGOMERY COUNTY.

Bridges: DEFECTIVE APPROACHES: LIABILITY OF COUNTY: INSTRUCTIONS.   In an action against a county for personal injuries received upon an approach to a bridge, and caused by alleged negligence in its construction, it is for the jury to determine not only whether the accident occurred upon the approach to the bridge, but also whether the approach in question was a part of the bridge, or only a part of the highway leading thereto; and an instruction given in this case (see opinion) which submitted the first question to the jury is *held* to be erroneous, because it did not submit the second one also. (Compare *Moreland v. Mitchell County*, 40 Iowa, 394, and *Nims v. Boone County*, 66 Iowa, 272, and 68 Iowa, 642.)

*Appeal from Fremont District Court.*—HON. H. E. DEEMER, Judge.

FILED, FEBRUARY 8, 1890.

ACTION to recover for personal injuries sustained by plaintiff by reason of the negligent construction of the approach to a county bridge.   There was a verdict and judgment for plaintiff.   Defendant appeals.

*R. W. Beeson*, for appellant.

*S. McPherson* and *J. M. Junkin*, for appellee.

BECK, J.—I.   The petition alleges that defendant erected a bridge over the Nishnabotna river, having an approach of earth and stone, of the height of thirty feet, which was by defendant negligently constructed,

in that no barriers, railings or guards were built to protect travelers and horses from falling over the wall. It is averred that plaintiff, in attempting to drive a gig or cart in which she was riding, drawn by one horse, was thrown over the wall of the approach by reason of the horse jumping, from fright, over it. The negligence charged against defendant consists in its failure to cause proper protection against horses and teams jumping off the approach. The defendant denied in its answer all of the allegations of the petition. It is admitted that the bridge in question is a county bridge, and that plaintiff presented her claim for damages for allowance to the board of supervisors of defendant, and it was rejected.

II. The questions in the case arise upon objections to the third instruction given by the court to the jury. This instruction presents fully the facts of the case to which the rules it announces that are objected to by defendant are applicable. It is necessary to set it out in full to expose the error which we find in it.

"3. The statutes of our state impose upon the counties therein the duty, through its board of supervisors, of erecting, maintaining and keeping in reasonably safe condition for travel all bridges, when large enough to be called 'county bridges,' within the county, and their obligation extends not only to the bridges proper, but also to the abutments and approaches which make the bridge accessible; and, it being conceded that the bridge in question is a county bridge, the first question of fact, then, to be determined by you, is, was the place where the accident occurred an approach to said bridge? A bridge would be useless as a passage-way for horses and vehicles over a stream unless it be provided, when necessary, at each end, with approaches and abutments necessary to make the bridge accessible on account of the height of the bridge, or for any other reason, and the county undertakes to provide them. The same obligation rests upon it to make them reasonably safe to travel over and along as rests upon it to

make and maintain the bridge itself. Now, it appears
from the evidence in this case, and without apparent
conflict, that the west end of the bridge in question was
built up to a point on the west bank of the stream, and
upon which point the surface of the ground was on
about the same level as the floor of the bridge, thus
making it unnecessary to construct any artificial
approach to that end of the bridge by way of filling or
building up to it; and it also appears that after the
bridge was built the banks of the river on either side of
the bridge, by reason of the action of the water or other-
wise, receded from where they were at the time the
bridge was built, and that to keep the banks of the
river, over which the traveling public reached the bridge,
from crumbling and washing away, the county under-
took to, and did, erect a stone wall, in connection with
a new pier, to the bridge, running northwest and south-
west from the said pier along the bank of the river.
And the question for you to determine here is whether
or not this part of the bank which was connected with
the west end of the bridge constitutes an 'approach,'
within the proper meaning of that term, and, if it does,
how far out from the bridge does this approach extend?
and did the accident in question happen upon said
approach, or beyond it? And upon this point you are
instructed that if the county built out from the west
pier of this bridge walls of stone along the highway, and
near the outer limits thereof, for the purpose of pro-
tecting or holding up the bank over which it was
expected the travel would go to and from the west end
of this bridge, the part of such passage-way so included
in such walls, and in the highway leading to the bridge,
would in law be regarded as an approach; and when the
county undertook to construct any artificial work in the
highway, and in connection with this bridge, the obli-
gation rested upon it to construct such work with rea-
sonable skill and proper care for the safety of the
traveling public. And if the accident in question
occurred at a point where the county had constructed

any artificial work or wall in the limits of the highway, in connection with this bridge, and was the result of negligence of the defendant, such as is charged in the petition, in constructing such work, the defendant will be liable for the injury sustained by plaintiff on account thereof, if you also find that the accident happened without the fault or negligence of the plaintiff. But if said bridge was built up to the west bank of the stream, and the banks and highways were left in their natural condition, without any artificial work upon them by the county, and as thus left they constitute an approach to the bridge, the county would not be liable for any accident that might happen on said highway or natural approach. Or, should you find that the accident occurred at a place in the highway which would not, under the instructions before given you, be considered a part of the approach to said bridge, then defendant would not be liable."

III. An objection urged by defendant's counsel to this instruction is that it in effect directs the jury that the bank of the river after the construction of the wall was an approach to the bridge, and a part of it. Under the rules recognized by this court, the jury were charged with the duty of determining whether the *locus* of the accident was upon an approach constituting a part of the bridge. Whether the approach be or be not a part or the bridge is not a question of law, for the court, but of fact, for the jury. *Moreland v. Mitchell County,* 40 Iowa, 394; *Nims v. Boone County,* 66 Iowa, 272; 68 Iowa, 642. The third paragraph of the instruction plainly directs the jury to find whether the *locus* of the accident was or was not upon the approach to the bridge, but it nowhere directs the jury to find whether the approach constituted a part of the bridge. It is very plain that one approach may not constitute a part of the bridge, while another approach is to be regarded as a part of the structure. An approach having the character of a highway, rather than of a structure to aid approach to the bridge, cannot be regarded as a part of

the bridge.    It was the duty of the jury to determine, not only whether the *locus* of the accident was upon the approach, but also whether the approach was a part of the highway.    This issue was not submitted to the jury.    They could well have found that the accident happened upon the approach to the bridge, but it would not follow therefrom that the approach.is a part of the bridge.    The distinction between an approach having the character of a highway, or of an independent struct- ure and embankment, wall, or other structure intended alone for an approach to the bridge, is obvious.    It is not made in the instruction, which is therefore errone- ous.    For the error pointed out, the judgment of the district court is                          REVERSED.