## J. S. HERRIES v. CITY OF WATERLOO, Appellant.

**Contributory Negligence:** EVIDENCE.   Where, in an action for injuries, alleged to have been received by reason of defects in one of defendant city's streets, there was evidence to show that plaintiff was driving at a greater speed than six miles per hour, Ordinance 136, sections 1, 10, forbidding driving at a greater speed than six miles per hour, and providing that a violation of the ordinance shall be a misdemeanor, was admissible to show contributory negligence.

**Negligence:** EVIDENCE.  In an action for injuries received by reason of plaintiff's sleigh being overturned by striking a stone placed in defendant city's streets so as to prevent driving over the curb and the park laid out along such curb, an ordinance ot the city, authorizng the parking and curbing of such street, is admissible as bearing on the issue whether defendant was negligent.

*Jury question.*  In an action for injuries received by reason of plaintiff's sleigh striking a stone placed in defendant city's street by such city, the questions whether it was placed in the traveled way, and whether plaintiff's attention was diverted at the time, as claimed, is for the jury.

*Same.*  The question, whether or not, under the evidence, plaintiff, who was injured by reason of his sleigh striking an obstruction placed in defendant's street, would have escaped injury had he been driving at a lawful rate of speed, is for the jury.

IMPROPER EXCLUSION OF CITY ORDINANCE.   Where certain sections, only, of an ordinance, are offered in evidence, the exclusion thereof on the ground that the subject of the ordinance is not clearly expressed in the title is erroneous.

**Privileged Communications:** PHYSICIANS.   Code, section 4608, providing that a physician shall not be permitted to disclose confidential communications made to him in his professional capacity, does not preclude a physician from testifying as to statements made by a patient as to his health, and also as

to observations made by him at times other than when under employment.

*Appeal from Black Hawk District Court.*—HON. A. S. BLAIR, Judge.

## WEDNESDAY, MAY 29, 1901.

ACTION to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the defendant, and without fault on the part of the plaintiff. Defendant denied generally. Verdict and judgment for plaintiff for $5,000. Defendant appeals.—*Reversed.*

*J. E. Williams* and *Mullan & Picket* for appellant.

*Burns & Stewart* and *Courtright & Arbuckle* for appellee.

GIVEN, C. J.—I.  Plaintiff, a physician, was called to visit a patient about 3 A. M., February 27, 1897. He started in a sleigh along Fifth street, to its intersection with Washington street, into which he turned in a southeasternly direction. Part of Fifth street was parked and curbed on each side, leaving a traveled driveway 40 feet wide in the center. At the corner of the intersection a stone was placed to prevent driving over the curb and park. Plaintiff, in turning into Washington street, struck this stone with his sleigh, which was overturned, and he was injured. The charge is that the defendant carelessly and negligently permitted and allowed said stone "to remain and lie in the open and traveled portion of said street." The only controversy as to the facts is as to the location of the stone, the speed at which the plaintiff was driving, and the extent of his injuries caused by the accident.

II.  Appellant offered in evidence sections 1 and 10 of Ordinance 136, to which plaintiff objected as incompetent, irrelevant, and immaterial. Appellant contends that the objection was sustained, and that this was error; while

appellee contends that a ruling was reserved, that the matter was not again called to the attention of the court, that no ruling was made thereon, and therefore affords no ground for assignment of error. Said section 1 forbids driving faster than at the rate of six miles an hour, and said section 10 provides that the violation of the ordinance shall be a misdemeanor. Later appellee added to his objection "that the subject of the ordinance is not clearly expressed in the title, and is therefore void under the law." Appellee's amendment to abstract shows as follows: "The objection to second ordinance offered, the ordinance relating to fast driving or obstruction of streets, the objection to that is sustained, and the defendant excepts." This contention is argued at length and with many citations, but, as we view the record, it is clear that the objection was ruled upon, was sustained upon all the grounds thereof, and the ruling duly excepted to, and assigned as error. The objection that the sections of the ordinance offered were incompetent, irrelevant, and immaterial was not well taken. If plaintiff was driving at an unlawful rate of speed he was negligent; and, if that negligence caused or contributed to his injuries complained of, he cannot recover. See *Fernbach v. City of Waterloo*, 76 Iowa, 598; *Tobey v. Railway Co.*, 94 Iowa, 256; *Young v. Railway Co.*, 100 Iowa, 357. Many other cases to the same effect might be cited. We think the parts of the ordinance offered were competent, relevant, and material in view of the evidence tending to show that plaintiff was driving at a greater speed than six miles an hour when the accident happened. If the ruling was upon the ground "that the subject of the ordinance is not clearly expressed in the title," it was erroneous for the reason that the title to the ordinance was not offered in evidence, and is not before us. Only sections 1 and 10 were offered. Appellant also offered in evidence the ordinance which authorized the parking and curbing parts of Fifth street, to which plaintiff objected as incompetent, ir-

relevant, and immaterial, and the objection was sustained. This ordinance is relevant, competent, and material, as bearing upon the issue whether the defendant was negligent as charged; and the objections should have been overruled.

III.   Dr. Fullerton, formerly a partner of the plaintiff, and Small, another personal acquaintance of plaintiff, were called by defendant to show plaintiff's condition of health prior to the accident, and were asked by plaintiff concerning his health.   It appeared that Dr. Fullerton had been called on certain occasions to treat the plaintiff, and possibly Dr. Small also.   The plaintiff objected as incompetent under section 4608 of the Code, and the court held that plaintiff's statements to the witness when under employment might not be given in evidence, but that statements to and observations by the witness at other times might.   This is the correct rule, but the court seems to have misapplied it in a few instances.   This, however, need not occur on another trial, and therefore requires no further notice.

IV.   Appellant discusses the issue of negligence, insists that the verdict is contrary to the instructions, that the court erred in refusing to give certain instructions, and in giving its eleventh instruction.   As, for the reasons stated, the judgment must be reversed, we need not notice these contentions at length.   It was for the jury to determine whether the stone was in the traveled way, and whether plaintiff's attention was diverted.   The instructions refused, in so far as they correctly stated the law, were covered by those given.   The part of the eleventh instruction given complained of is where the court said, "But, if such immoderate gait does not contribute to the injury, then such a gait does not prevent a recovery."

It is not questioned but that such is the law, but it is contended that under the evidence it is manifest that the accident would not have happened if plaintiff had been driving at a moderate gait.   That was a question for the jury. —REVERSED.