FRANK HEALY, by his next friend, Appellant,. v. JOHN JOHNSON, Appellee.

**Negligence:** VIOLATION OF ORDINANCE.    The leaving of a horse untied on a public street in violation of an ordinance is negligence *per se,* and in an action for injuries from a runaway horse so left, the plaintiff may allege and prove the violation of such ordinance, and if it appears that the injury was without fault on his part he will be entitled to recover.

**Ordinances:** TITLE.    The title of an ordinance entitled " an ordinance relating to obstructions of or injuries to streets, alleys and sidewalks " is sufficiently comprehensive to sustain a provision forbidding the leaving of horses in the streets unsecured.

**Negligence of servant:** LIABILITY OF MASTER.    The owner of a horse who entrusts its use to a servant in the delivery of the owner's goods to customers, is liable for the negligence of the servant in leaving the horse unhitched in a street in violation of an ordinance.

**Evidence:** NEGLIGENCE.    In an action for injuries from defendant's runaway horse negligently left untied by a servant in the street, evidence that children frequented the street where the injury occurred, to the servant's knowledge, was admissible on the question of negligence.

**Same.**    Evidence that a runaway horse negligently left in a street by a servant, in violation of an ordinance, was startled by some intervening cause, or was gentle and reliable, was inadmissible in an action against the owner for personal injuries inflicted by the frightened horse.

**Negligence of servant:** LIABILITY OF MASTER.    The master is liable for an injury to a third person resulting from the servant's negligence while in the discharge of his duty, whether performing the service in conformity with the master's instructions or not.

*Appeal from Allamakee District Court.*— HON. L. E. FEL-
LOWS, Judge.

THURSDAY, APRIL 6, 1905.

ACTION at law to recover damages for personal injuries.
Verdict and judgment for defendant, and the plaintiff ap-
peals.— *Reversed.*

*J. P. Conway* and *Trewin & Taylor,* for appellant.

No appearance for appellee.

WEAVER, J.— The plaintiff, a child of seven years, in
company with other children, was playing upon one of the
public streets of the city of Lansing, Allamakee county,
Iowa.   He was run over and very severely injured by a
horse and wagon owned by the defendant.   On the claim
that the accident was chargeable to the negligence of the
defendant, this action was begun.   The evidence tended to
show that defendant was the proprietor of a retail grocery
in Lansing, and in connection with said business kept and
used the horse and wagon above mentioned for the delivery
of goods to customers about town.   On the day in question
the delivery outfit was by the defendant intrusted to the
charge of an employé for the purpose of delivering goods in
the neighborhood where the children were at play.   The em-
ployé left the horse standing in the street untied and unse-
cured while he carried the goods from the wagon into the
house of a customer, and while thus engaged the horse ran
away, and over the plaintiff, as above stated.   Of the errors
relied upon for reversal of the judgment for defendant we
need mention only the following:

I.   After pleading the facts above stated, the plaintiff,
by amendment to his petition, alleged that at the time of the
accident there was an existing ordinance of the city of Lans-
ing prohibiting the leaving of any horse or horses in any

street or alley of the city without being tied or secured.
By further amendment it was pleaded that there
was also another ordinance of the said city
prohibiting the riding or driving of a horse on a
public street or highway at a speed greater than six miles
per hour. A motion by defendant to strike these amend-
ments was sustained, and error is assigned thereon. The
grounds assigned for striking the first amendment were that
the allegations are immaterial and irrelevant; that there is
" no showing that the ordinance was at the time a valid and
existing ordinance of the city of Lansing; that it appears
from the pleading, as amended, that the act of leaving the
horse untied was the act of another person, and not of the
defendant; and that the ordinance is invalid because the sub-
ject is not expressed in the title." In our judgment, none
of these objections were well taken, and the striking out of
the entire amendment was error. It was certainly material
and relevant to show that the act alleged to be negligent was
in violation of law. Such acts are negligent *per se,* and if
plaintiff was able to prove the existence of the ordinance
forbidding the leaving of the horse unattended and unse-
cured in the street, and that defendant, or his employé in-
trusted with the custody of the horse, did, in violation of
such ordinance, leave it unsecured in the street, and the horse
being thus left ran away and injured the plaintiff without
fault on his part, then the defendant was liable, and plaintiff
was entitled to recovery. See *Correll v. R. R.,* 38 Iowa,
120; *Ives v. Welden,* 114 Iowa, 476, and *Burke v. Creamery
Package Co.,* 126 Iowa, 730.

The caption or title of the ordinance as stated in the
pleadings: " An ordinance relating to obstructions of or
injury to streets, alleys and sidewalks " can well be
paraphrased as " An ordinance regulating the
use of streets, alleys and sidewalks," and we
think that to prohibit the leaving of horses in such public
ways without being properly secured comes fairly within the

1. NEGLIGENCE: violation of ordinance.

2. ORDINANCES: title.

scope of that expression. Moreover, a horse and wagon left alone and unhitched in the street constitutes an "obstruction" within the ordinary meaning of that word.

The other suggestion — that the allegation is insufficient because it appears that the act of leaving the horse unhitched was that of the employé, and not of the defendant — is clearly without merit. If the employé was by the defendant directed or permitted to use the horse in making delivery of goods, then his negligence in the care or use of the horse while so employed was chargeable to the defendant. The responsibility of the master to third persons for the negligence of his servant with reference to matters within the scope of the employment is too elementary to require citation of authorities. The motion to strike the first amendment should have been overruled. As to the second amendment, we may say it does not appear to be claimed that the injury to plaintiff was occasioned by the fast riding or driving of the defendant or of his employé, and there was no error in the ruling striking out the allegation.

3. NEGLIGENCE: OF SERVANT: liability of master.

II. The plaintiff offered to prove by several witnesses that the street where plaintiff was injured was much frequented by children, and that defendant's employé in charge of the horse on the day of the accident knew of that fact. The testimony was excluded. While we should not be inclined to reverse upon this ruling alone, we think the testimony was not without a legitimate bearing upon the issue of negligence, and it should have been admitted.

4. EVIDENCE: negligence.

A witness in behalf of the defendant was permitted to testify that he saw the horse running away, and soon after went to the place where the animal had been left by its driver, and saw in the gutter a few bees — "a half a dozen anyway" — evidently attracted by some substance issuing from the mouth of a drain. The apparent purpose of this testimony was to allow the jury

5. SAME.

to infer the possibility that the bees had attacked the horse, and thus occasioned the runaway. In our judgment, the inference was entirely too remote, and, even if correct, it could have no tendency to justify or excuse the act of defendant's employé in leaving the horse without being properly secured. The objection to this testimony should have been sustained. *Lynch v. Nurdin,* 1 Q. B. 29, and *Bridge v. Goodman,* 5 C. & P. 190, are cases which pass upon the liability of a person leaving his horse and vehicle unhitched in the street. In the first case the horse was set in motion by the interference of a child, and in the last case by a stranger, who struck it a blow in passing. In both instances the defendant was held liable notwithstanding the intervening act of other persons. He who leaves a horse unsecured in a public street must be presumed to contemplate the possibility of its being frightened or interfered with, and it affords him no excuse to say that, if some one else had not started the animal, or if it had not been stung by a vicious bee, no injury would have resulted from his negligence.

Moreover, if the leaving of the horse unhitched was the violation of a city ordinance, the fact, if it be a fact, that the animal was ordinarily gentle and reliable, would be no excuse for the act, nor serve to release the defendant from liability.

The defendant was also permitted to show that he provided a hitching strap and weight by which to secure the horse when left in the street, and instructed the employé who attended to the delivery of goods to use it.

6. NEGLIGENCE OF SERVANT: liability of master.

This was immaterial, and had the tendency to suggest to the jury that, if the defendant had provided the proper means for fastening the horse when left in the street, and had given his employé proper directions in respect to it, he had done his full duty, and was not liable for the employé's negligence. This, as we have said, was not the law. So far as his personal conduct is concerned, he may have done all that prudence and care would suggest;

but when he placed the horse and wagon in control of his servant, and sent him out to deliver goods, the servant's negligence in the performance of that duty was his negligence, and he cannot show his own personal care and prudence in defense to a claim for damages occasioned by such negligence on the servant's part.

III. Plaintiff asked the court to instruct the jury, in effect, that the failure of the employé to obey the defendant's orders to tie the horse when left in the street would not be a defense, and that, notwithstanding such failure of the employé to obey orders, the defendant would be liable for his negligence in that respect. This instruction was refused, and nothing equivalent thereto was given. The instruction substantially embodied the law upon that proposition, and the jury should have been so directed. *Lewis v. Schultz,* 98 Iowa, 341; *Powell v. Deveney,* 3 Cush. 300 (50 Am. Dec. 738). The doctrine of *respondeat superior* is not limited to the acts of the servant done with the express or implied authority of the master, but extends to all acts of the servant done in discharge of the business intrusted to him, even though done in violation of his instructions. See authorities collected in vol. 20, Am. & Eng. Enc. of Law (2d Ed.) 167.

Many other exceptions have been argued, but enough have been examined to indicate that a new trial must be awarded, and we think it unnecessary to prolong the discussion. For the reasons stated, the judgment appealed from is *Reversed.*