No. 18,694.

DANIEL MOSIER, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BUTLER, *Appellant*.

SYLLABUS BY THE COURT.

1. COUNTY BRIDGE — *When Approaches thereto are Part of Bridge*. Although the question whether an approach constitutes a part of a bridge may at times be one of fact, to be submitted to the jury, in some circumstances it becomes one of law, to be declared by the court.

2. SAME—*Jointly Constructed—Defective Approach—Personal Injuries—County Liable*. By virtue of the statute making the county liable for injuries caused by defects in a bridge wholly or partially constructed by it, it may be held for damages occasioned by a defect in the portion of a bridge built by a township, where the other portion was built by the county.

Appeal from Butler district court; GRANVILLE P. AIKMAN, judge. Opinion filed March 7, 1914. Affirmed.

*C. A. Leland, K. M. Geddes, R. B. Ralston,* and *H. W. Schumacher,* all of El Dorado, for the appellant.

*T. A. Kramer,* of El Dorado, for the appellee.

The opinion of the court was delivered by

MASON, J.: Daniel Mosier was injured while driving in a buggy across a bridge. He brought action against the county. A demurrer to his evidence was sustained, but the ruling was reversed on appeal. (*Mosier v. Butler County,* 82 Kan. 708, 109 Pac. 162.) A second trial resulted in a judgment in his favor, from which the county appeals.

Complaint is made of the overruling of a motion to make the petition more definite. The trial court has considerable discretion in passing upon such matters. If the petition was more general in its terms than might be desired, the plaintiff's contentions were necessarily developed at the first trial, so that on the second hearing the defendant can not have been seriously misled.

The plaintiff had driven across the bridge proper and was upon the approach, when his horse took fright at a rock in the road, and backed the buggy against a guard rail, which gave way. The buggy, with its occupants, fell to the ground, a distance of about twenty feet.

Among other contentions made by the defendant are the following: (1) the statute imposes an express duty on townships to maintain guard rails on certain bridges, but has no such provision concerning counties; therefore the county can not be held liable by reason of a defective guard rail; (2) the chairman of the board of county commissioners did not have notice of the defect; (3) the defect was not the proximate cause of the injury; (4) the approach was not a part of the bridge, and therefore the county was not liable for a defect in the guard rail. These matters were all necessarily involved in the former appeal, and were there passed on.

The defendant maintains that the question whether the approach was a part of the bridge should have been submitted to the jury. A line of decisions in Iowa sup-

ports the view that such a question is one of fact, and not of law. (*Nims v. Boone County*, 66 Iowa, 272, 23 N. W. 663; *Newcomb v. Montgomery Co.*, 79 Iowa, 487, 44 N. W. 715.) But in the case in which the doctrine was first announced the court said of the structure there involved: "That this approach was a part of the bridge, there can be no reasonable doubt." (*Moreland v. Mitchell County*, 40 Iowa, 394, 398.) In particular instances there might be differences of opinion as to just where a bridge ended. But, as was said in the former opinion, there is nothing substantial in the contention that the approach in this case was not a part of the bridge.

The defendant also maintains that the county is not liable because, although it built the bridge proper, and undertook to keep it in repair, it had nothing to do with the approach, and was charged with no duty in that regard, the township having exclusive control of it. The evidence showed that the county furnished $2000 in 1882, which was used in the construction of the bridge. The next year it furnished an additional amount of $600 or $700, which was used in its completion. The bridge commissioner who had the matter in charge testified with regard to the approach:

"I superintended the building of the bridge. The approach at the west end was either poor and did not amount to anything as did that west, and the approach in question at the east end of the bridge—there was not enough money to build it and what it lacked was donated by citizens that lived around there. We donated the work. For instance, Mr. Cupp gave the timber. They made the bent in the center of the bridge and we neighbors hauled it in there and I paid the carpenters for framing it from the township, and I used what money there was remaining from the construction of the main bridge in paying the balance."

It thus appears that the county contributed something to the building of the approach, individuals and the township making up the remainder. Notwith-

standing a custom or an agreement by which the county undertook to keep in repair the main part of the bridge, and the township the approaches, we think the county is liable for an injury resulting from a defective condition of the approach. The statute with regard to the recovery of damages on account of injuries occasioned by defective bridges provides that "such recovery may be from the county when such damage was caused by a defective bridge constructed wholly or partially by such county." (Gen. Stat. 1909, § 658.) We interpret this language to mean that a county is liable for an injury resulting from a defect in any part of a bridge, to the building of which it has contributed a proportionate share, or a definite portion of which it has itself constructed. We think this interpretation naturally follows from the use of the word "partially." The purpose of the statute seems to be to fix a definite liability. There might seem to be some injustice in making the county liable for the entire damage resulting from a defect in a structure of which it is only one of the builders, but this is equally true whether it has built a part of the whole or the whole of a part. The case of *City of Eudora v. Miller,* 30 Kan. 494, 2 Pac. 685, cited by the defendant, does not conflict with this view. There a city was held liable for an injury resulting from a defect in the portion of a bridge located within the corporate limits, although it had been built by the county. But the decision was based upon the obligation of the city to keep its streets in a safe condition. Neither the statute now under consideration, nor any question as to the liability of the county, was there involved.

Complaint is made with regard to the instructions, but we think most of the questions presented in that connection are involved in what has already been said, and that the remainder do not require separate discussion.

The petition alleged that by reason of his fall the plaintiff was "greatly injured, bruised and wounded," and that both bones of his left leg were broken. The motion to make the petition more definite, which was overruled, included a request for a more specific statement of his injuries. The evidence was that the fibula was broken, but that the permanent injury and the pain were chiefly due to the dislocation of the ankle and the rupture and tearing of the ligaments and muscles, matters not mentioned in the petition. The defendant complains of this as a material variance. We do not think any prejudice resulted to the defendant from the inaccurate description of the plaintiff's injuries. (Civ. Code, § 134.)

The judgment is affirmed.