W. A. McCormick, appellant, v. City of Sioux City, appellee.

No. 47898.

(Reported in 50 N.W.2d 564)

DECEMBER 13, 1951.

L. W. McCormick, of Sioux City, for appellant.

Geo. F. Davis, city solicitor, of Sioux City, for appellee.

HAYS, J.—Plaintiff seeks damages on account of property damages and personal injuries sustained when the automobile he was driving collided with a post at the east approach to a bridge over Perry Creek. The trial court found there was no showing of negligence upon the part of the defendant, and also that plaintiff was guilty of contributory negligence as a matter of law. From a directed verdict for defendant plaintiff has appealed.

There is no substantial conflict in the facts. Stone Park Boulevard is a paved east-west highway in Sioux City. Proceeding west thereon from the business section it crosses Perry Creek over a bridge, which was the place of the collision. The bridge was constructed in 1915, at which time the boulevard was not a paved highway. It is a concrete structure with a roadway 20 feet wide and a sidewalk on each side of said roadway 4 feet 6 inches wide. Separating the walk from the roadway was a curb about 12 inches high, running the length of the bridge, with a concrete post 6 by 9 inches and 2½ feet high at each end of the curb. In 1916 the boulevard was paved to a width of 16 feet, and continuing west from the bridge it still remains 16 feet wide.

In 1922 the boulevard east of the bridge was widened and paved to a width of 30.4 feet which placed the curbs in a direct line with the north-and-south railings of the bridge. The walk along the south side of the bridge together with the curb and posts were removed. The curb and posts along the north side of the bridge remained as they were originally constructed.

Plaintiff, a lifelong resident of Sioux City, has, since 1948, resided on Stone Park Boulevard, some five blocks west of the bridge. On the night of July 28, .1948, he was driving west on the boulevard. After stopping at some street lights about a block east of the bridge, he proceeded west toward the bridge. There were no street lights near the bridge and no warning lights or reflectors on the bridge. It was dark and raining very hard. The headlights on his car were lighted and the windshield wiper working. The car collided with the post at the east edge of the bridge, above-described, with the resulting injuries.

I. Did the trial court err in holding, as a matter of law, that there was no showing of negligence upon the part of the defendant?

Defendant cites the rule announced in Dodds v. Town of West Liberty, 225 Iowa 506, 281 N.W. 476, and Russell v. Sioux City, 227 Iowa 1302, 290 N.W. 708, as the basis for the ruling. That rule is to the effect that where a city'in the making of public improvements does so in accordance with recognized engineering standards the city is not liable for injuries sustained by one using the improvement, in the absence of negligence being shown in the construction itself. No such negligence is alleged or shown. We recognize this rule, but under the record in the instant case it is not applicable.

It appears that in 1915, when the bridge was constructed, such construction was in accordance with the then recognized engineering standards. However in 1922 there were material changes made both as to the bridge and to the highway as it approached the bridge from the east. There is no showing that such later construction was made in accordance with recognized engineering standards, although it is clear that the negligence of the city, if any, is due to the later construction work. The above rule is not applicable here.

The liability of a municipal corporation for injuries

due to defects or obstructions in its streets is for negligence only, the duty of the city being only to maintain them in a reasonably safe condition, with no liability for consequences which could or would not be reasonably foreseen. Where reasonable minds might differ as to whether an accident could or should have been reasonably anticipated from the existence of the alleged defect or obstruction the question as to the negligence of the city becomes a question for the jury. Bird v. City of Keokuk, 226 Iowa 456, 284 N.W. 438; Humphrey v. City of Des Moines, 236 Iowa 800, 20 N.W.2d 25. Whether an unlighted post standing in the highway, such as is shown by this record, constitutes negligence upon the part of the defendant-city is clearly a question of fact to be determined by a jury.

II. Was plaintiff, as a matter of law, guilty of contributory negligence?

Defendant asserts that it was the duty of plaintiff to stop when his vision ahead was lost, due to the rain, and that his failure to do so constitutes contributory negligence as a matter of law, citing Townsend v. Armstrong, 220 Iowa 396, 260 N.W. 17, and cases cited therein. Assuming such to have been the law, it is no longer so recognized. In Rabenold v. Hutt, 226 Iowa 321, 283 N.W. 865, we held that the driver of a car encountering fog is not bound to stop, as a matter of law, and wait for the fog to lift in order to escape the charge of contributory negligence. He must, however, exercise a degree of care consistent with the existing conditions. See also Ellis v. Robb, 242 Iowa 875, 47 N.W.2d 246.

Defendant also contends plaintiff failed to maintain a proper lookout. In addition to the facts, above set forth, plaintiff stated on cross-examination that he "kept pretty close to the curb." He was then asked: "Q. Then you were looking at the curb to your right? A. Oh, not exactly, I just followed that along as sort of a guide." Viewing this record in its most favorable light to the plaintiff and giving to it such inferences as may reasonably be drawn therefrom, whether using the curb at the right side of the street as a guide as he proceeded forward at an admitted speed of not to exceed twelve miles per hour constituted a proper lookout is clearly a question upon which reasonable minds might differ. It was a question for the jury.

We think the case comes within the rule announced in Central States Elec. Co. v. McVay, 232 Iowa 469, 5 N.W.2d 817. The record stands uncontradicted that plaintiff knew of the bridge; he had driven across it many times going from the west to the east, but never going from the east to the west, as on the night in question; he had never walked across the bridge; did not know of the existence of the post standing 5.4 feet to the south of the north rail of the bridge and the curb along the north side of the boulevard. It also appears that the post was of a drab gray color and that weeds were growing up around it. Certainly one cannot say, as a matter of law, that such a situation is one that might reasonably be expected or anticipated by one using the street and who has no knowledge thereof.

Under the record we hold that a question for the jury both as to the negligence of the defendant and the contributory negligence of the plaintiff is made out and that the trial court was in error in directing a verdict for the defendant. The judgment of the trial court is reversed and the cause remanded.—Reversed and remanded.

BLISS, GARFIELD, WENNERSTRUM, MULRONEY, and THOMPSON, JJ., concur.