EARL B. BECKER, appellee, v. CITY OF WATERLOO, appellant.

No. 48436.

(Reported in 63 N.W.2d 919)

APRIL 7, 1954.

Upton B. Kepford, of Waterloo, for appellant.

F. C. Liffring, of Waterloo, and William T. Connery, of Dubuque, for appellee.

LARSON, J.—The plaintiff, Earl B. Becker, a salesman at Elkader, Iowa, brought this action at law on the 6th of November, 1951, claiming damages against the City of Waterloo as a result of a collision between his 1950 Nash automobile and two approximately half-inch steel cables strung between the west end superstructure girders of the Eleventh Street Bridge within the city. The record discloses that one of these cables was placed about two feet, and the other about four feet, above the street level; that they were old and rusty and had two oil lanterns hung on the top strand approximately ten feet apart; and that the collision occurred about 11:40 a.m. on the 16th of May, 1951. It was a clear and sunny day. The defendant had closed the bridge as unsafe for vehicular traffic sometime prior to the date of the accident, but there were no signs warning the public that the street or bridge was closed other than the cables and the lanterns hung thereon. This bridge was an old pin-connected-truss type, and its color was not unlike that of the cable barricades themselves. As a result of the collision there was considerable damage to the automobile. The jury returned a verdict for plaintiff in the amount of $939.77. The defendant appealed to this court assigning five errors, most of which relate to defendant's contention that plaintiff was guilty of contributory negligence, and to the trial court's refusal to admit City Ordinance No. 1546 limiting the speed of vehicles upon the Eleventh Street Bridge.

The plaintiff duly alleged freedom from any negligence contributing to the collision and damage to his automobile. The only issue of negligence submitted to the jury was the failure of the defendant to give proper warning of the obstruction of the traveled portion of the street by cables stretched across the southwest approach to the bridge. The City, of course, does not deny that it was under a duty to warn the public as to the location of any obstruction placed by it in its streets or highways, but contends that plaintiff did not show himself free from contributory negligence.

City Ordinance No. 1546 provides in subsection 49 as follows: "No person shall operate a vehicle upon the Eleventh Street Bridge in the City of Waterloo, Iowa, which vehicle

together with the load carried thereby shall exceed in weight the gross amount of 8000 pounds, nor shall any person operate a vehicle upon said bridge at a greater rate of speed than fifteen (15) miles per hour."

■ I. A city ordinance must be given its natural and intended meaning. Fisher v. Cedar Rapids & M. C. R. Co., 177 Iowa 406, 157 N.W. 860; City of Estherville v. Hanson, 210 Iowa 773, 231 N.W. 428; City of Nevada v. Slemmons, 244 Iowa 1068, 59 N.W.2d 793. In determining the applicability of Ordinance No. 1546 herein, the trial court properly considered and construed its meaning and held that it referred to a substantial operation upon the bridge and that it did not include the approaches. We agree.

■ It was the City's contention that, because the upright girders to which the cables were attached sloped inward, the automobile must have been partially on the bridge at the time of the initial impact. A close examination of plaintiff's exhibits reveals the fact that there was but two or three feet at most from the end of the street paving to the lower cable placed upon the bridge. It was not shown whether the wheels of the automobile would have been on the bridge when the bumper or front part of the vehicle made contact with the cable. At any rate it is clear there was little, if any, part of the plaintiff's automobile on the structure when it struck the cable. We are satisfied it would not have been substantially upon the bridge, and agree with the holding of the trial court that it could not reasonably be said that the plaintiff was operating his vehicle upon the closed bridge in question at the time of the collision with the lower cable thereon.

■ II. It is the further contention of defendant that the refusal of the trial court to admit City Ordinance No. 1546 constituted reversible error for two reasons: first, that the plaintiff was guilty of contributory negligence as a matter of law in that immediately prior to and at the time of the collision complained of he was exceeding the bridge speed limit set by ordinance, which violation contributed directly and proximately to the injury; and second, even if it may be assumed that there is some question as to whether the violation of the ordinance had any causal connection with the accident, that is a question for the

jury; that Ordinance No. 1546 should have been admitted in evidence and the jury should have been permitted to determine whether plaintiff, in exceeding the bridge speed limit set by ordinance, was guilty of such contributory negligence as to preclude his recovery.

In this contention it is obvious that defendant assumes culpability in the plaintiff in that it assumes that the evidence has shown that plaintiff was operating his vehicle upon the bridge at a speed in excess of 15 miles per hour. This contention is based on the rule that the ordinance sets the standard of care necessary on the bridge. Plaintiff on the other hand contends that, unless such culpability does appear, this ordinance would be immaterial as having no bearing on the issues of this case.

Plaintiff contends that before the ordinance was material and admissible in evidence, it must appear that he was substantially operating his automobile upon the bridge. It must further appear that this operation was at a speed of more than 15 miles per hour before he was culpable. This is correct, and we have previously determined that no substantial evidence of either appears in the record. There is no evidence of plaintiff's speed upon the bridge, if indeed it could be said that there was any operation on the bridge at all, that would give rise to anything more than conjecture or speculation. True, plaintiff testified that while driving on Eleventh Street approaching the bridge he estimated his speed between 22 and 24 miles per hour. What his speed was after the contact with the cable can only be surmised. This steel cable was a rigid barrier until it broke, and from the photo exhibits we conclude, with the exception of a slight roll forward after the cable broke, that this automobile was stopped at once. The back end of the car was still in contact with the upper cable when it stopped. Thus the physical evidence belies any possible speed above 15 miles per hour by this vehicle when it was entirely upon the bridge. It is also doubtful that there was any control or operation possible by the driver of the vehicle after the contact with this barrier.

It would be improper, in absence of evidence of violation of the ordinance, to consider whether there was a causal relationship between his conduct and the injury and damage. Such a question could not be submitted to a jury based upon

unestablished or false premises. It is true that if it has been established that one is at fault, or culpable, then if such fault has a causal connection with the injury or damage, the jury may determine whether or not the connection was sufficient to constitute contributory negligence and thereby defeat recovery. Kisling v. Thierman, 214 Iowa 911, 243 N.W. 552; Fisher v. Cedar Rapids & M. C. R. Co., supra; Healy v. Johnson, 127 Iowa 221, 103 N.W. 92; Herries v. City of Waterloo, 114 Iowa 374, 86 N.W. 306; 27 Iowa Law Review, page 2.

In 2 Restatement of Torts, section 434, it is said: "It is the duty of the court to determine whether, upon the facts which are admitted * * * or reasonably inferable from the evidence, the actor's conduct is a substantial factor in bringing about harm to another, unless the question is open to a reasonable difference of opinion, in which case it is to be left to the jury."

The rule applies to one contributing to his own injury. Also see Fitter v. Iowa Telephone Co., 143 Iowa 689, 121 N.W. 48.

Here the contributing cause of the injury and damage, if any were chargeable against the plaintiff, was the speed at which he drove his automobile approaching the bridge rather than the operation upon it. The question of plaintiff's culpability due to his speed approaching the bridge was properly submitted to the jury, and the trial court was not in error in refusing defendant's offer to prove culpability of plaintiff by the introduction of City Ordinance No. 1546 relating to regulated speed on the Eleventh Street Bridge, before any substantial operation by plaintiff on the bridge appeared.

III. It is true that actual approaches to bridges for some purposes are considered a part of the bridges themselves, but the defendant did not seriously contend there was here such an approach, and no issue of fact was raised thereon. Eginoire v. Union County, 112 Iowa 558, 84 N.W. 758; Newcomb v. Montgomery County, 79 Iowa 487, 44 N.W. 715; Moreland v. Mitchell County, 40 Iowa 394; Nims v. Boone County, 66 Iowa 272, 23 N.W. 663. It is apparent that the trial court, in construing Ordinance No. 1546, determined that it was intended to relate

to the speed upon the bridge proper and did not apply to the approach. We agree. "Frequently an approach may be considered a part of a bridge for one purpose and not for another. For instance, an approach has been held not to be a part of a bridge with respect to limitation of speed for the reason that while it may be regarded as unsafe to cross a bridge faster than at a certain speed, it may be perfectly safe to exceed the same speed limit on the approach." 8 Am. Jur., Bridges, section 3, page 911, citing Savannah, F. & W. R. Co. v. Daniels, 90 Ga. 608, 17 S.E. 647, 20 L. R. A. 416; State ex rel. Missouri P. R. Co. v. Public Serv. Comm., Mo., 297 S.W. 47.

From the record we learn that this structure was old, narrow and weak, with plank flooring "slippery when wet." The approach was concrete pavement. The ordinance was intended to prohibit unsafe speeds upon the bridge proper, for the hazard was greater there than upon the street approaching the structure. Indeed from the exhibits it seems clear that the approach had the character of a street or highway rather than that of a structure, and therefore should not be considered a part of the bridge herein, especially as to speed regulation under the ordinance.

In Newcomb v. Montgomery County, supra, 79 Iowa 487, at 490, page 716 of 44 N.W., we said: "An approach having the character of a highway, rather than of a structure to aid approach to the bridge, cannot be regarded as a part of the bridge." That this is a correct and proper rule there can be no doubt.

IV. Defendant further maintains that the court erred in not finding that plaintiff was guilty of contributory negligence as a matter of law for failure to keep a proper lookout. It is only where reasonable men can draw but a single conclusion from facts that the courts may determine the question of negligence of either party as a matter of law. Spiker v. City of Ottumwa, 193 Iowa 844, 186 N.W. 465; Kendall v. City of Des Moines, 183 Iowa 866, 167 N.W. 684; McCormick v. City of Sioux City, 243 Iowa 35, 50 N.W.2d 564, and cases cited therein. It is also a well-settled rule in this state that, for the purpose of a ruling on a motion for a directed verdict the evidence must be viewed in its most favorable light for the

plaintiff. Huffman v. King, 222 Iowa 150, 268 N.W. 144; Mc-Williams v. Beck, 220 Iowa 906, 909, 262 N.W. 781, 782. We said on page 909 therein:

"It is the well-settled law of this state that the court in passing upon a motion to direct a verdict against the plaintiff 'must view the evidence in the light most favorable to the plaintiff. Every inference reasonably permissible in support of the issue should be carried to the aid of the evidence.' Bauer v. Reavell, 219 Iowa 1212, 1219, 260 N.W. 39, 43.''

While there was some evidence tending to refute plaintiff's proper lookout, plaintiff said that as he approached the bridge he saw the framework of the bridge and observed no signs warning against its use, and that he would have noticed them if they were there. Proper lookout means being watchful of the movements of one's own vehicle as well as the other things seen or seeable, and involves the care, prudence, watchfulness and attention of an ordinarily careful and prudent person under the circumstances. Ehrhardt v. Ruan Transport Corp., 245 Iowa 193, 61 N.W.2d 696; Roberts v. Hennessey, 191 Iowa 86, 181 N.W. 798; Huffman v. King, supra; Ege v. Born, 212 Iowa 1138, 236 N.W. 75; Holderman v. Witmer, 166 Iowa 406, 147 N.W. 926; Smith v. Spirek, 196 Iowa 1328, 195 N.W. 736; Kendall v. City of Des Moines, supra; Stafford v. City of Oskaloosa, 57 Iowa 748, 11 N.W. 668. We believe that there was sufficient evidence of lookout to submit the question of contributory negligence to the jury and that the court's denial of defendant's motion for a directed verdict for this reason was properly denied at each stage of the proceedings where submitted, i.e., at the close of plaintiff's testimony, at the close of all testimony, and as a motion for judgment notwithstanding the verdict.

We conclude that the issue of negligence of the defendant as well as the issue of contributory negligence of plaintiff were submitted to the jury under proper instructions of the court, that there was no reversible error, and that the judgment in favor of the plaintiff must be affirmed.—Affirmed.

All JUSTICES concur.