**CITY OF URBANDALE,**
Plaintiff–Appellee/Cross–Appellant,

v.

**FREVERT–RAMSEY–KOBES, ARCHITECTS–ENGINEERS, INC.,**
Defendant–Appellant/Cross–Appellee.

No. 87–1546.

Court of Appeals of Iowa.

Nov. 29, 1988.

Michael D. Huppert and James A. Lorentzen of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for defendant-appellant/cross-appellee.

Thomas P. Hyland and Robert H. Laden of Hyland, Laden & Pearson, P.C., Des Moines, for plaintiff-appellee/cross-appellant.

Considered by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

DONIELSON, Presiding Judge.

A jury found each of the parties 50% at fault for damage sustained by the walls and roof of an indoor pool and recreational complex designed by the defendant and maintained by the owner city. The defendant contends on appeal that the trial court erred in overruling its motion for judgment notwithstanding the verdict with respect to damage done to the roof because no evidence established a causal connection between that damage and any element of the design. On cross-appeal, the city urges that its conduct was not a proximate cause of any of the deterioration and that the trial court erred in giving instructions on comparative fault.

The defendant designed an indoor pool facility owned and maintained by the City of Urbandale. When the walls and roof began to deteriorate, apparently because they retained too much moisture, the city brought this action for damages alleging negligence grounded in faulty design. As an affirmative defense, the architects asserted comparative fault by the city for its improper operation of the ventilation system. A jury put the damages at $130,000 and found each party 50% at fault. Judgment was entered against the defendant for $65,000.

I. The defendant contends the trial court erred in overruling defendant's motion for judgment notwithstanding the verdict as to any damages related to the cost of repairing or replacing the roof of the Urbandale recreation facility. A judgment notwithstanding the verdict is proper where there is no substantial evidence concerning one of the elements of plaintiff's claim. *Kurth v. Van Horn*, 380 N.W.2d 693, 695 (Iowa 1986). The defendant claims the plaintiff failed to produce substantial evidence of a violation of defendant's standard of care in the design of the roof.

Each element of a claim must be supported by substantial evidence or else a directed verdict or a judgment notwithstanding the verdict is appropriate. *Id.* However, if reasonable minds could differ on an issue under the evidence presented, it is properly submitted to a jury. *Id.* When making this determination, we must, of course, consider the evidence in the light most favorable to the party against whom the motion is directed. *Id.*

Evidence of the damage to the roof was presented in this case. There was testimony about observed streaks in the pre-cast panels which resulted from water collecting on top of the roof and eventually work-

ing its way into the wall system. This testimony came from defendant's expert engineer. Evidence of a leaky roof came from testimony by the director of recreation for the City of Urbandale. Testimony also revealed that the roof had blisters which generally are caused by water getting under the roof.

Considering this evidence in the light most favorable to the plaintiff, there is substantial evidence to engender a jury question on whether the defects establish a violation of defendant's standard of care in the design of the structure. The standard of care to be applied to professionals is that degree of skill, care, and learning ordinarily possessed and exercised by members of that profession in good standing in similar circumstances. *Schiltz v. Cullen–Schiltz & Assoc. Inc.*, 228 N.W.2d 10, 17 (Iowa 1975). Specific negligence of a professional can be established through expert testimony showing a standard of care and its breach or through evidence showing a lack of care so obvious to be within the comprehension of a layperson such as an external injury to the body not being treated. *See Forsmark v. State*, 349 N.W.2d 763, 768 (Iowa 1984).

■ The blisters in the roof and streaks down the walls are obvious defects in the roof. Whether these evidence a breach of the standard of care just by virtue of the fact that a well-designed structure would not have these problems is an issue on which reasonable minds could differ. Therefore, this question was properly submitted to the jury.

II. On cross-appeal, the City of Urbandale asserts that the trial court erred in giving the jury instructions on comparative fault due to the fact plaintiff's conduct did not have an impact on the deterioration of the swimming pool complex. Defendant architects-engineers claim that the record is clear that the building was designed for use with a properly-maintained ventilation system and there was evidence of improper operation of the system by the City of Urbandale.

Whether Iowa Code Chapter 668 on comparative fault applies to a case involving a blameless plaintiff was decided in *Johnson v. Junkmann*, 395 N.W.2d 862, 867 (Iowa 1986). The *Junkmann* court analyzed the Iowa Comparative Fault Act and determined that "[n]othing in the language of this Act suggests its application is triggered only upon a finding or allegation of plaintiff's contributory fault." *Id.* The principles of comparative fault are triggered by any "claim involving the fault of more than one party to the claim." *Id.*, citing Iowa Code § 668.3(2) (1987). It is the job for the trier of fact to then determine total damages and the percentage of fault to be allocated to each party. *Id.*

Fault is defined as:

[O]ne or more acts or omissions that are in any measure negligent or reckless toward the person or property of the actor or others. . . . The term also includes breach of warranty, unreasonable assumption of risk not constituting an enforceable express consent, misuse of a product for which the defendant otherwise would be liable, and unreasonable failure to avoid an injury or to mitigate damages.

Iowa Code § 668.1(1) (1987). A "party" may be (1) a claimant (i.e., plaintiff); (2) a person named as defendant; (3) a person who has been released; and (4) a third-party defendant. *Id.* § 668.2.

■ Plaintiff and defendant are both parties. Plaintiff claims defendant was negligent in the design of the building. Defendant claims plaintiff was negligent in its use of the structure. Therefore the fault of more than one party is involved. This result is consistent with the decision in *Junkmann*, 395 N.W.2d at 868.

Plaintiff contends the instruction on comparative fault was improper in this case because the legal requirements of cause in fact and proximate cause were not established. Plaintiff argues that the mechanical system is separate from the building structure. Furthermore, it did not matter how the city ran the system because the damage to the complex was proximately caused by the lack of a vapor barrier or insulation in the walls. The legal requirements were only established against the

defendant. Therefore, the defendant was solely at fault for the damages.

Cause in fact and proximate cause apply both to fault as the basis for liability and to contributory fault. Iowa Code § 668.1(2) (1987). Generally, questions of negligence, contributory negligence, and proximate cause are for the jury, and it is only in exceptional cases that it may be decided as a matter of law. Iowa R.App.P. 14(f)(10). This is not a case for an exception. Substantial evidence was presented on the issue of plaintiff's fault and its causal connection to plaintiff's damages. Therefore, the trial court correctly submitted the issue of comparative fault to the jury. The decision of the trial court is affirmed.

AFFIRMED.