### EVENTIDE LUTHERAN HOME FOR THE AGED, MISSOURI SYNOD, Appellant,

### v.

### SMITHSON ELECTRIC AND GENERAL CONSTRUCTION, INC., Defendant,

### and

### Stevenson & Schilling, Inc., Appellee.

### No. 88–1226.

Supreme Court of Iowa.

Sept. 20, 1989.

Michael R. Mundt of Franck, Mundt, Nepper & Franck, Denison, for appellant.

L.R. Voights of Nyemaster, Goode, McLaughlin, Voights, West, Hansell & O'Brien, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, CARTER, and SNELL, JJ.

SNELL, Justice.

This case is an appeal from apportionment of fault entered by the trial court in a negligence and breach of contract action decided in favor of the appellant, Eventide Lutheran Home for the Aged. Eventide's suit joined a contractor, Smithson Electric and General Construction Co. (Smithson), and an engineering firm, Stevenson & Schilling (Stevenson), which were involved in performing electrical work on Eventide's premises. Smithson did not appear in response to the action, and default was entered in July 1987. Nor is the contractor a party to this appeal. As between Eventide and Stevenson, the action was tried to the court, which entered judgment in favor of Eventide. In deciding the comparative fault of the defendants, the court apportioned eighty-six percent of the fault to Smithson and fourteen percent of the fault to Stevenson.

In 1983 Eventide contracted with Stevenson to provide plans and specifications for modification and installation of a new electric service at its Denison, Iowa facility. The engineering firm also agreed to perform a final inspection of the project upon completion and to provide Eventide with a punch list of items not completed or completed in an unsatisfactory fashion by the contractor selected to perform the work.

After reviewing three bid proposals on the project, Stevenson recommended that Eventide accept the low bid proposal of $19,792 submitted by Smithson. The contract between Eventide and Smithson was a standard American Institute of Architects form document. It required that Smithson submit applications for progress payments to Stevenson. Upon certification of these applications Eventide was required to make payment, less a five percent retainage stipulated by the contract.

In May of 1984, Smithson made its first application for payment, to defray the cost of materials that had been delivered. Upon certification by Stevenson, Eventide remitted payment of $9746 to the contractor. The parties agree that at the time of payment no actual labor had been performed on the project.

In October, Stevenson certified Smithson's second application for payment. By that date some work had been completed on the project and payment was made by Eventide in the amount of $2565. An engineer for Stevenson made a final inspection on November 8, 1984, and Smithson made application for final payment shortly thereafter. In mid-December, Stevenson certified that the work was ninety-five percent complete and Eventide remitted final payment of $5,868.89 to Smithson in January 1985.

By the time of final payment, however, Eventide was already experiencing significant problems with the work performed by Smithson. The punch list prepared by Stevenson in conjunction with its final inspection was revised nine times, reflecting the continual discovery of new problems. An independent expert hired by Eventide inspected the work performed by Smithson and found several severe defects. Those defects were corrected by a different contractor, which resulted in a total project cost to Eventide of $59,939.77. The parties to the current appeal, Eventide and Stevenson, now agree that Smithson was not competent to perform the work.

The trial court found that Stevenson had assumed the duty to make inspections in conjunction with its certification of Smithson's application for payment. Applying a professional malpractice standard, the trial court found that the engineering firm was negligent in its failure to inspect Smithson's work prior to its certification of Smithson's second application for payment.

In addition, the trial court found that Stevenson was negligent in performing its final inspection because it failed to exercise reasonable care in determining whether work was properly performed. Neither party has appealed these findings and the court accepts them as correct.

Eventide's appeal focuses upon the court's apportionment of fault between Smithson and Stevenson. It candidly admits that its purpose in undertaking this appeal is so that the joint and several liability provisions of Iowa Code Section 668.4 (1987) may be made applicable to Stevenson.

In an action at law, our scope of review is on error. *Grinnell Mut. Reinsurance Co. v. Voeltz*, 431 N.W.2d 783, 785 (Iowa 1988). This court is not bound by the district court's conclusions of law or its application of legal principle. *In re Receivership of Mt. Pleasant Bank & Trust Co.*, 426 N.W.2d 126, 127 (Iowa 1988). The district court's findings of fact, however, have the effect of a jury verdict and are binding upon this court if supported by substantial evidence. *Voeltz*, 431 N.W.2d at 785.

Eventide's primary contention is that the trial court erred in its application of legal principle to the facts of the case. It urges that this court adopt the position that, as a matter of law, unrebutted testimony by its expert, Dr. Morris Mericle, is binding upon the trier of fact and compels apportionment of "at least" fifty percent of the fault to the engineering firm. Tied to this argument is Eventide's assertion that the trial court's findings are unsupported by substantial evidence. Resolution of this legal issue will affect our consideration of whether the trial court's allocation of fault was supported by substantial evidence.

■ Eventide contends that in an action based upon the negligence of a professional, the trier of fact may not reject the uncontroverted opinion of an expert witness as a matter of law. This theory is based upon the general principle that, ordinarily, proof of specific negligence on the part of a professional requires that the plaintiff introduce expert opinion testimo-

ny. *Forsmark v. State*, 349 N.W.2d 763, 768 (Iowa 1984); *City of Urbandale v. Frevert–Ramsey–Kobes–Architects–Engineers–Inc.*, 435 N.W.2d 400, 402 (Iowa App. 1988). The reasoning behind this general principle is that a lay person sitting as trier of fact lacks the knowledge to render a competent judgment as to negligence and proximate cause in complex matters requiring professional expertise. *See, Forsmark*, 349 N.W.2d at 768–69. Eventide concludes that since the trier of fact in this case was without engineering expertise it must accept the position of an expert whose testimony is unrebutted.

We note at the outset that apportionment of fault in a negligence action under Iowa's comparative fault statute is generally a matter for the trier of fact. Iowa Code § 668.3(2)(b)(1987). The statute provides that the court shall instruct the jury to answer special interrogatories indicating the amount of damages due the plaintiff if comparative fault is disregarded, as well as the percentage of fault borne by each defendant. *Id.* In an action tried to the court the judge is statutorily required to perform these functions. *Id.*

We have concluded heretofore that the same principles should be followed in apportioning fault that we have applied in determining negligence and causation. The trial court's findings on appellate review are confirmed if supported by substantial evidence. When the undisputed evidence and physical facts are such that all reasonable minds can reach only one conclusion, the question becomes one of law. *See Cook v. State*, 431 N.W.2d 800, 806–07 (Iowa 1988). *See also, Becker v. City of Waterloo*, 245 Iowa 666, 672, 63 N.W.2d 919, 922–23 (1954).

■ Even though Dr. Mericle's testimony was unrebutted by an outside expert at trial, it does not follow that the trier of fact was compelled to accept that testimony. A trier of fact may not totally disregard testimony, but also has the duty to weigh evidence and determine the credibility of witnesses. These functions could not be performed if the trier of fact was bound to accept uncontroverted expert testimony as

true. *State v. Hall,* 287 N.W.2d 564, 566 (Iowa 1980); *Eickelberg v. Deere & Co.,* 276 N.W.2d 442, 447 (Iowa 1979); *Daboll v. Hoden,* 222 N.W.2d 727, 736 (Iowa 1974).

The testimony of Eventide's expert on the issues of Stevenson's negligence and proximate cause created questions for the trier of fact. *See Daboll,* 222 N.W.2d at 736. Furthermore, that expert testimony was "simply one circumstance to be considered together with all the other evidence." *Hall,* 287 N.W.2d at 566. Thus, there was no requirement that the court find, as a matter of law, that Stevenson should bear "at least" fifty percent of the fault for Eventide's damages.

Regarding Eventide's other issue, evidence is substantial when a reasonable mind would accept it as adequate to reach the same findings. Evidence is not insubstantial merely because it would have supported contrary inferences. *Grinnell Mut. Reinsurance Co. v. Voeltz,* 431 N.W.2d 783, 785 (Iowa 1988); *Norland v. Iowa Dep't of Job Serv.,* 412 N.W.2d 904, 913 (Iowa 1987). We must construe the trial court's findings broadly and liberally, and resolve doubt or ambiguity in a manner that supports the verdict. We neither weigh the evidence nor the credibility of witnesses. *Voeltz,* 431 N.W.2d at 785.

The record reflects that Eventide's expert gave contradictory testimony on the issue of fault. Dr. Mericle testified that Stevenson was negligent and that its negligence was a "substantial cause" of Eventide's damages. He also testified, however, that Smithson bore the primary responsibility for construction of the electrical service in accordance with plans and specifications. No evidence was presented that the plans and specifications provided by Stevenson were in any way deficient. For this work Stevenson was paid $1500.

In determining responsibility for the resulting damages, the trial court found fault in the engineer's approval of the second and final payments to Smithson. These two payments amounted to $8,433.89, or approximately fourteen percent of the $59,939.77 in damages incurred by Eventide. This apportionment of fault between the parties by the trial court is justified by a substantial quantum of evidence presented. Whether a defendant is financially able to pay the damages assessed is irrelevant to the determination of the proper apportionment of damages under our statute.

AFFIRMED.